This is a breach of contract, account, and account stated case.
The parties' written stipulation of facts was as follows:
"The parties stipulate to the following facts:
 "1. Walter Ruzic executed a contract on September 5, 1985 with the Plaintiff obligating the payment of a fee to Plaintiff for his placement and employment arranged by the Plaintiff. (copy attached)
 "2. The Defendant was not a party to the contract in question.
 "3. On September 5, 1985, Plaintiff arranged an interview for Walter Ruzic with Defendant and Defendant hired Walter Ruzic.
 "4. Immediately after Defendant hired Walter Ruzic, Walter Ruzic contacted Plaintiff and informed Plaintiff that he had been hired by Defendant.
 "5. Plaintiff then contacted Defendant that same day and the Defendant said that it would pay the placement fee for Walter Ruzic.
 "6. On September 23, 1985, Plaintiff sent Defendant a notification stating the placement fee owed by Walter Ruzic was $6,250.00, that $3,125.00 was due September 27, 1985 and $3,125.00 was due March 27, 1986. (copy attached)
 "7. Defendant sent Plaintiff $3,125.00 to be applied to the contract between Plaintiff and Walter Ruzic.
 "8. Plaintiff sent Defendant a letter concerning the balance of the fee, $3,125.00, whereupon Defendant refused to supply the remainder of Ruzic's fee.
 "9. On April 10, 1986, Plaintiff sent Defendant a request for $3,125.00 which Defendant did not pay. (copy attached)" *Page 2 
The defendant contended in the trial court that there was no consideration to the defendant for its promise to pay Ruzic's debt, that past consideration concerning Ruzic was insufficient to constitute consideration between the plaintiff and the defendant, and that its promise to plaintiff to pay Ruzic's indebtedness was collateral, i.e. that the promise was void under the statute of frauds. The trial court concluded that a contract was created between the parties when the defendant agreed to pay Ruzic's fee and the plaintiff agreed thereto. A judgment was entered in the plaintiff's favor for $3,125. The defendant timely appealed after his posttrial motion was overruled.
Every special promise to answer for the debt of another is void unless the agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith. Code 1975, § 8-9-2(3).
The statute of frauds does not apply to an independent original undertaking. For example, a husband's employment of an attorney to represent his wife in litigation is an original independent undertaking on the husband's part and he is legally responsible for the fee. Lang v. Leith, 16 Ala. App. 295,77 So. 445 (1917). However, if A owed B $7,000 and C orally agreed to, and did, pay to B $3,000 thereon if B would release some building materials to A, which was done, and if C orally promised that he would see that B received his money, his promise as to the $4,000 balance on the original debt falls within the statute and is not enforceable. BrindleyConstruction Co. v. Byco Plastics, Inc., 456 So.2d 269 (Ala. 1984). This is because the $4,000 balance is not an original debt of C since C's promise relative thereto was collateral. A promise to pay the debt of another which is based upon a new and valuable consideration which is beneficial to the promisor is not within the statute. Seaboard Surety Co. v. William R.Phillips Co., 279 Ala. 510, 187 So.2d 264 (1966).
 "Generally, any promise to pay another person's debt, which is not discharged or released by the terms of the promise, or other contemporaneous arrangement, is within the statute. To this rule there are exceptions. A party may make a valid oral contract, which operates to create a new debt of his own, if founded on a new and independent consideration, though the effect of the payment is to pay another's debt. In order, however, to have this effect, the essence of the new undertaking must be the payment of the promisor's own debt, by paying the debt of a third person."
Clark Wadsworth v. Jones, 85 Ala. 127, 130, 4 So. 771, 772
(1887) (emphasis supplied). These provisions were recently quoted with approval in Herrington v. Central Soya Co.,420 So.2d 1, 3 (Ala. 1982).
Here, the promise of the defendant to pay to the plaintiff the fee of Ruzic fell within the statute of frauds, is void, and is not enforceable for the two reasons which are above emphasized in the Clark case. We elaborate.
(1) If an original debtor is still liable at all so that the whole responsibility does not rest upon the second promisor, the oral second promise to pay the debt of the original debtor is void under the statute of frauds. Clark, supra; Levy v.Allen, 257 Ala. 326, 58 So.2d 617 (1952); Puckett v. Bates,4 Ala. 390, 58 So. 118 (1842); Gregory v. Hardy, 53 Ala. App. 705,304 So.2d 209 (Ala.Civ.App. 1974).
The promise of the defendant to pay the debt of Ruzic was oral. There is nothing in the stipulation of facts to raise an inference that Ruzic was ever released or excused in any manner from his liability to the plaintiff under their contract of September 5, 1985.
(2) A past consideration is not sufficient to support a contract, especially where the benefit which was derived therefrom was enjoyed by a third person (Ruzic) rather than the promisor (defendant). Gregory, supra. Where a debt was already in existence, a second promisor's oral promise to the creditor to pay the existing debt of the original debtor is not enforceable unless there is a new and different consideration which is beneficial to the second promisor. *Page 3 Brindley Construction Co., supra; Herrington, supra; SeaboardSurety Co., supra; Clark, supra; Gregory, supra.
Ruzic's debt to the plaintiff was already in existence at the time that the defendant orally promised to pay it. The stipulation fails to disclose that there was any new or different consideration for the defendant's promise to pay Ruzic's debt.
Accordingly, the defendant's promise was void and unenforceable.
The plaintiff argues that he was nevertheless entitled to a judgment upon either an account or account stated. We disagree, for if no consideration is shown for an alleged promise, the plaintiff is not entitled to recover on a common count.Martin v. Stoltenborg, 273 Ala. 456, 142 So.2d 257 (1962). As we have indicated, the defendant's promise to answer for Ruzic's debt is void under section 8-9-2(3), Code 1975. A void promise is the legal equivalent of no promise. The plaintiff cannot recover upon a void promise in an action for breach of contract, account, or account stated.
We have no alternative but to reverse this matter and to remand this cause to the learned trial court for the entry of a judgment in favor of the defendant.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.