Larry Rials filed this action in the Circuit Court of Marshall County against Mike Parker and Donald Smith. The complaint alleged that Parker and Smith owed Rials $6,550 for work and labor done and on an account stated. The basis of the action was the installation of central air conditioning and heating in a home which was owned by Smith. Smith rented the home to Parker pursuant to a verbal agreement.
Following oral proceedings, the trial court entered judgment in favor of Rials and against Parker in the amount of $9,366.50. It further entered judgment in favor of Rials and against Smith in the amount of $6,943.
Smith moved for rehearing. It was denied. Smith appeals.
The record reveals the following. In March 1990 Parker accepted a bid from Rials, d/b/a AAA Quality Cooling Heating, for weatherization of the rented home and the installation of a heat pump. He stated to Rials that he was the owner. Smith was not cognizant of the agreement at its inception.
In April Rials began installing the heat pump and making the other improvements. Before the work was completed Smith arrived at the house and informed Rials that he was the owner of the house. Rials and Smith discussed the work that had been completed and the cost of the completed project. Rials pointed out to Smith that the improvements would increase the value of his property. Nevertheless, Rials offered to stop the job if Smith did not want him to continue. Rials testified that Smith responded: "No, go ahead and do it." Smith disputed this response. Instead, he testified that he did not tell Rials to continue with the job, but that, when Rials asked him if he wanted him to stop the job, Smith said "no."
On appeal Smith asserts that the trial court erred in entering judgment against him because any contract between himself and Rials was oral and thus was within the statute of frauds and void.
Smith's argument is not a paradigm of clarity. From what we are able to glean from his brief, it appears that he is asserting that the agreement falls within the statute because his discussion with Rials could only be interpreted as being a guarantee to pay Parker's debts.
The applicable part of the Alabama Statute of Frauds (Code 1975, § 8-9-2) is as follows:
 "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
". . . . *Page 492 
 "(3) Every special promise to answer for the debt, default or miscarriage of another."
In order to determine if an agreement falls within § 8-9-2(3) it must first be determined whether the agreement is "collateral" or "original" in nature. Dykes Restaurant Supply,Inc. v. Grimes, 481 So.2d 1149 (Ala.Civ.App. 1985).
 " 'Collateral' agreements are those in which the object of the promise is to become the guarantor of another's debt; these are within the statute and must be in writing to be enforceable. 'Original' agreements are those in which the effect of the promise is to pay the debt of another, but the object of the promise is to promote some purpose of the promisor."
Fendley v. Dozier Hardware Co., 449 So.2d 1236 (Ala. 1984) (citations omitted).
A promise to pay the debt of another is not within the statute if the promise is based upon a new and valuable consideration which is beneficial to the promisor. PhillipsBrokerage v. Professional Personnel Consultants, 517 So.2d 1
(Ala.Civ.App. 1987).
The facts show that there was a written contract between Parker and Rials. Smith's representation to Rials to go ahead with the work does not appear to be a guarantee by Smith of the obligation of Parker under his contract. The purpose of the discussion between Rials and Smith related to the ownership of the property and whether Smith granted permission to Rials to complete the work on his property. The benefit derived from Rials's completion of the project flowed directly to Smith, i.e. to install new heating and air conditioning equipment and thus increase the value of the property. Smith had the opportunity to have Rials discontinue the work. If Smith had not committed to continuation of the work, the job would not have been completed.
We find the agreement between Smith and Rials to be "original" in nature and thus outside the scope of § 8-9-2.
The trial court stated in its judgment against Smith the following:
 "The Court is further reasonably satisfied that the defendant Smith had an opportunity during the progress of the work to stop said work but directed that the work continue. He has accepted the benefits thereof to his property and is responsible for the fair value of the improvements made."
That statement summarizes the common law equitable principle of "unjust enrichment" and the more modern principle of "quasi-contract." See Opelika Production Credit Ass'n v. Lamb,361 So.2d 95 (Ala. 1978); Federal Land Bank v. Jones,456 So.2d 1 (Ala. 1984).
When Smith authorized completion of the work, he recognized that his property would increase in value and he would benefit greatly thereby. An equitable obligation arose when he received such benefit. Rials received a detriment when Parker failed to pay under the contract. Smith became obligated to pay the reasonable value of his benefit.
As all the testimony was taken orally by the trial court sitting as the trier of fact, the judgment reached is presumed correct and will not be set aside on appeal if it is supported by the evidence or by any inference that can be logically drawn from the evidence. Clark v. Albertville Nursing Home, Inc.,545 So.2d 9 (Ala. 1989).
The trial court found Smith to be accountable for the benefits he received. For the trial court to have held otherwise would have amounted to an unjust enrichment. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 493