L. CHARLES WRIGHT, Retired Appellate Judge.
Eddie Moore filed an action in the District Court of Jefferson County against Birmingham Drywall, Inc. and its president, Rick Roth, asserting that he was wrongfully denied compensation for a period of three days during which he had served on jury duty. He further complained that he was laid off from work because he had served on jury duty. He sought compensatory and punitive damages in the sum of $1,499.
Following trial, the district court entered judgment in favor of Moore and against Birmingham Drywall in the sum of $1,000. The district court dismissed Roth from the action.
*971 Birmingham Drywall appealed the decision to the circuit court. Following a non-jury trial, the circuit court entered judgment in favor of Moore for $1,000. Birmingham Drywall filed a motion for new trial which was denied. Birmingham Drywall appeals.
Section 12-16-8(b), Code 1975, provides that:
“(b) [A]ny full time employee shall be entitled to his usual compensation received from such employment less the fee or compensation he received for serving as such juror.”
Sections 12-16-8.1(a) and -8.1(b) provide that:
“(a) No employer in this state may discharge any employee solely because he serves on any jury empanelled under any state or federal statute; provided, however, that the employee reports for work on his next regularly scheduled hour after being dismissed from any jury.
“(b) Any employee who is so discharged shall have a cause of action against the employer for said discharge in any court of competent jurisdiction in this state and shall be entitled to recover both actual and punitive damages.”
Birmingham Drywall contends that the facts of this case do not lend themselves to an application of §§ 12-16-8 and 12-16-8:1. It insists that Moore was an “at will” employee and could be terminated at any time without cause; that Moore was not discharged “solely” because he served on a jury; and that Moore did not report for work on his “next regularly scheduled hour after being dismissed from any jury.”
The facts in this case are in dispute. Moore testified that he was a full time employee. Roth testified that Moore was hired on an “as needed basis.” Roth testified that Moore was two hours late returning to work after being discharged from jury duty. Moore denied the allegation. Moore testified that he called Roth to discuss payment for the time he served on jury duty and was told in a subsequent telephone call that he was being laid off for two days because Roth did not like his attitude. Roth testified that Moore was laid off because he was not qualified to work on the job in progress at the time. Moore was permanently laid off six months after serving on jury duty.
Where, as here, the evidence is presented ore tenus, the judgment of the trial court is presumed correct. Seifert v. Houlditch, 583 So.2d 274 (Ala.Civ.App.1991). This court will not reverse an ore tenus finding unless such finding is clearly contrary to the great weight of the evidence. Watkins v. Montgomery Days Inn, 455 So.2d 23 (Ala.Civ.App.1984). When the evidence is in dispute, the trial court is free to choose which evidence it believes and is responsible for resolving any conflicts. Watkins.
From our examination of the record we cannot say that the great weight of the evidence was contrary to the trial court’s finding. The trial court determined that Moore was entitled to be compensated for actual and punitive damages. Such an award is in compliance with § 12-16-8(b) and § 12-16-8.1(b).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.