L. CHARLES WRIGHT, Retired Appellate Judge.
Denise Littleton filed an action in small claims court against Raymond Cale and his ex-wife to recover approximately $1,321 in fees for legal work rendered. Judgment was entered in favor of Littleton. Cale appealed the judgment to the circuit court. Following oral proceedings, the circuit court entered a judgment in favor of Littleton. Cale appeals.
The undisputed facts are as follows. Cale contacted Littleton for the purpose of obtaining assistance with his ex-wife’s claim for Social Security benefits. Cale and Littleton discussed the legal fees for processing the claim. Littleton was hired to assist in the processing procedure. The ex-wife subsequently received an award from the Social Security Administration. Littleton’s fee of $1,321 was authorized by the administration.
This action arises from Littleton’s failure to secure payment for her services. The facts concerning the agreement to pay the fees are disputed.
Littleton testified that she never had any contact with Cale’s ex-wife. She stated that Cale made the initial contact concerning her representation and that she discussed the fee for such representation with Cale. She considered Cale and his ex-wife to be her clients, as was evidenced by the correspondence that she sent to them. She was aware of an agreement that Cale had with his ex-wife, wherein the ex-wife had agreed to give him all of the benefits that might be awarded to her. The agreement was made because the ex-wife owed him a large sum of money. The written agreement was entered into evidence.
Cale testified that he never agreed to be responsible for the attorney’s fees. He stated that he was securing Littleton’s assistance for the benefit of his ex-wife. His ex-wife signed the employment contract, as well as the appointment of representative form. Cale did not have any written agreement with Littleton. He denied having any knowledge of the written agreement between himself and his ex-wife. He testified that he did not receive any of the money awarded to his ex-wife. The trial court found that Cale’s testimony lacked credibility.
Littleton’s action against Cale is based upon Cale’s alleged agreement to assume the obligation for the fees and the fact that he received a direct benefit from her legal services. Cale contends that he is not liable for the fees because he retained Littleton’s services for the benefit of his ex-wife and that any agreement he made with Littleton was not in writing and was therefore void under the statute of frauds.
The applicable part of the Alabama Statute of Frauds (Code 1975, § 8-9-2) is as follows:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to.be charged therewith or some other person by him thereunto lawfully authorized in writing:
[[Image here]]
“(3) Every special promise to answer for the debt, default, or miscarriage of another.”
In order to determine if an agreement falls within § 8-9-2(3), it must first be determined whether the agreement is collateral or original in nature. Smith v. Rials, 595 So.2d 490 (Ala.Civ.App.1991).
“ ‘Collateral’ agreements are those in which the object of the promise is to become the guarantor of another’s debt; these are within the statute and must be in writing to be enforceable. ‘Original’ agreements are those in which the effect of the promise is to pay the debt of another, but the object of the promise is to promote some purpose of the promisor.”
Fendley v. Dozier Hardware Co., 449 So.2d 1236 (Ala.1984) (citations omitted) (emphasis in Fendley).
A promise to pay the debt of another is not within the statute if the promise is based upon a new and valuable consideration which is beneficial to the promisor. Smith v. Rials.
*1038 Where, as here, the evidence is presented orally, the judgment of the trial court is presumed correct. Birmingham, Drywall, Inc. v. Moore, 598 So.2d 970 (Ala.Civ.App.1992). This court will not reverse an ore tenus finding unless such finding is clearly contrary to the great weight of the evidence. Birmingham Drywall. Inherent in this review principle is a recognition that the trial court is uniquely qualified to observe the parties and to resolve the issues of their credibility. Smith v. Smith, 448 So.2d 381 (Ala.Civ.App.1984). When the evidence is in dispute, the trial court is free to choose which evidence it believes and is responsible for solving any conflicts. Birmingham Drywall.
From our examination of the record, we cannot say that the great weight of the evidence was contrary to the trial court’s finding. There is evidence that the benefits derived from Littleton’s representation flowed directly to Cale. We find the agreement between Littleton and Cale to be original in nature and thus outside the scope of § 8-9-2.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.