L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were married in November 1994. A child of the parties was born in May 1994. The parties separated on January 20, 1996.
*589 On January 23, 1996, C.S. (mother) filed a petition for protection from abuse in the Family Court of Jefferson County. The mother’s petition was filed pursuant to the “Custody and Domestic or Family Abuse” statute found at §§ 30-3-130 through -136, Code 1975. That same day the family court entered a temporary order, granting custody of the child to the mother and ordering H.A.S. (father) to refrain from further contact with the mother.
On January 26, 1996, the father filed a complaint for divorce in the Circuit Court of Jefferson County. Among other things, the father requested that he be awarded custody of the minor child. On January 29,1996, the father filed a motion to dissolve the family court’s temporary order, informing that court of the pending divorce action.
On February 2, 1996, the family court judge held a hearing on the mother’s petition. The mother appeared pro se, while the father was represented by counsel. A court-appointed guardian ad litem represented the child. The family court judge limited the testimony to the allegations of abuse alleged in the mother’s petition. Following the hearing, the family court judge entered an order, wherein she found that abuse had occurred. The judge awarded custody of the minor child to the mother and ordered the father to refrain from further contact with the mother. The judge awarded visitation privileges to the father and ordered the father to pay child support. The family court judge subsequently clarified her order by stating that the order would lapse after one year, unless extended by the court, and that the issue of long-term custody of the minor child was to be determined by the circuit. court in the divorce action.
The father appealed the order to the circuit court for a trial de novo. He subsequently filed a motion to consolidate the divorce action and the appeal for a trial de novo. After a hearing the circuit court denied the motion to consolidate. Finding that the protection order was a final order with an adequate record, the circuit court transferred the father’s appeal to this court, pursuant to Rule 28(D), Ala. R. Juv. P. We find that the transfer was properly ordered.
The father asserts that the family court’s order was not supported by the evidence.
Where, as here, the evidence is presented orally, the judgment of the trial court is presumed correct. Cale v. Littleton, 631 So.2d 1036 (Ala.Civ.App.1993). This court will not reverse an ore tenus finding unless such finding is clearly contrary to the great weight of the evidence. Cale. Inherent in this review principle is a recognition that the trial court is uniquely qualified to observe the parties and to resolve the issues of their credibility. Cale. When the evidence is in dispute, the trial court is free to choose which evidence it believes and is responsible for solving any conflicts. Cale.
We find it unnecessary to set out the facts in this instance. We have thoroughly reviewed the record and, in accordance with the attendant presumptions, find ample evidence to support the family court’s order. Cory v. Cory, 429 So.2d 1096 (Ala.Civ.App.1983).
The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.