PER CURIAM.
On August 8, 1997, Lauren E. Dare sued her husband, William R. Batey, for a divorce. Following a hearing, the court entered a pendente lite order on September 2, 1997. Included in the order was a “pro-teetion-from-abuse order,” restraining Ba-tey from contacting the wife or from committing any further acts of abuse against her or against the couple’s minor children; prohibiting Batey from harassing the wife or the children; and directing Batey to stay away from the marital home, the wife’s workplace, and the children’s school.
On November 4, 1997, the wife moved to hold Batey in contempt, alleging that he had threatened to commit further acts of violence upon her; that he had harassed, contacted, telephoned, and followed her; and that he had broken into the marital home. The next day, the trial court ordered Batey to appear on November 10, 1997, to show cause why he should not be found in contempt. Apparently, Batey did not appear, and an arrest warrant was issued.
On November 18, 1997, the trial court entered a judgment of divorce. Nothing in the record indicates that Batey was present at the divorce proceeding. The trial court again restrained Batey from “harassing, annoying, telephoning, contacting, or otherwise communicating, directly or indirectly, with [the wife] or the minor children.” Additionally, by the order, Batey was “directed to stay away from the place of residence and place of employment of [the wife] and away from the minor children’s school.”
On February 7, 1998, Batey was arrested and was charged with violating the protection order. Batey was read his rights, and a lawyer was appointed to represent him. At a hearing, Batey admitted violating the protection order; he was sentenced to 12 months’ hard labor and was fined $2,000, the maximum sentence for a “Class A” misdemeanor. Batey moved for a new trial, which was denied. Batey appeals.
In 1995, the legislature (by Act No. 95-542, Ala. Acts 1995) substantially amended the Protection From Abuse Act, §§ 30-5-1 to -11, stating an intent to treat domestic violence with the same seriousness other criminal acts were treated with. The stated purposes of the Act, as amended in 1995, include: providing victims with “maximum protection” of the law, expanding law-enforcement powers, and recognizing battering as a criminal offense “that will not be excused or tolerated.” § 30-5-1. The Act sets out the specific legal proceedings involved in domestic-abuse situations and provides criminal penalties for violations of protection orders.
The definitional section of the amended Act expands the original definitions and adds new terms. Before the amendment, the term “abuse” was limited in its meaning to causing or attempting to cause physical injury to a family or household member, placing another in fear of physical injury, or “[a]busing minor children,” as defined in the Alabama Child Abuse Act. See § 30-5-2(1) (as adopted by Act No. 81-476, Ala. Acts 1981) and §§ 26-15-1 through -4 (the Alabama Child Abuse Act). After the 1995 amendment, § 30-5-2(1) defines “abuse” to include the commission, or the attempt to commit, the following, as defined under the Criminal Code: assault, criminal coercion, harassment, kidnapping, menacing, reckless endangerment, sexual abuse, stalking, theft, trespass, unlawful imprisonment, and any other conduct toward a protected person (a family or household member) “that could be punished as a criminal act.” § 30-5-2(a)(l).
Sections 30-5-3 and -4 set out the procedure for obtaining a protection order, which includes the procedure for seeking the order as part of another civil action, as the wife did here. The requirements for *196 the plaintiffs petition for relief are outlined in § 30-5-5. Section 30-5-7 describes the powers and procedures of the courts in stopping abuse, including authorizing the court to exclude the defendant from the marital home, without regard to who owns it, and to issue ex parte orders or modifications.
Protection orders must include language informing the defendant that a willful violation of the order is a “Class A” misdemeanor punishable by up to one year in jail, a $2,000 fíne, or both, and that it is also punishable as civil contempt. § 30-5-8. “However, failure to provide such notice shall not affect the validity of the protection order.” § 30-5-8.
“A defendant who has violated a protection order issued pursuant to this chapter by the commission of an act of abuse as defined in this chapter, or conduct other than abuse in violation of the order, shall be subject to being held in contempt of court and shall be guilty of a Class A misdemeanor. A second conviction for violation of this chapter shall, in addition to the permissible fine assessed, be punishable by a minimum of 48 hours continuous imprisonment which may not be suspended. A third or subsequent conviction shall, in addition to any permissible fine, be punishable by a minimum sentence of 30 days imprisonment, which may not be suspended. The person shall also be subject to existing penalties upon conviction of any criminal charges arising out of the incident which is the basis of any protection order.”
§ 30-5-9.
Batey argues that the trial court was without jurisdiction to punish him for a misdemeanor violation under § 30-5-1 et seq., because there was no indictment or complaint, as Batey says is required by Rule 2.1 and Rule 2.3, Ala. R.Crim. P. Therefore, Batey argues, he should be punished only for civil contempt for violating the protection-from-abuse order. However, we must first address whether Batey appealed this case to the appropriate appellate court.
Section 12-3-10 provides, in pertinent part, that the Court of Civil Appeals shall have exclusive appellate jurisdiction over “all appeals in domestic relations cases, including annulment, divorce, adoption, and child custody cases.” The jurisdiction granted to this court by the legislature includes jurisdiction to hear an appeal from a protection order entered under the Protection From Abuse Act, § 30-5-1 et seq., and an appeal from a protection order entered under the Family Violence Protection Order Enforcement Act, § 30-5A-1 et seq. The purpose of a protection order is to protect the victims of domestic violence from the persons committing the violence. The protection order itself is not retrospective punishment, but is intended to prevent abuse in the future. Clearly, this court has appellate jurisdiction to address whether the trial court properly entered a protection-from-abuse order. See Harbert v. Harbert, 721 So.2d 224 (Ala.Civ.App.1998); H.A.S. v. C.S., 681 So.2d 588 (Ala.Civ.App.1996).
Batey, however, is appealing from an adjudication that he violated a protection-from-abuse order entered against him. Batey’s willful violation of the order was punishable as a Class A misdemeanor, and he was sentenced to 12 months in jail. The Court of Criminal Appeals has “exclusive appellate jurisdiction of all misdemeanors.” § 12-3-9. Where the violation of the protection order under § 30-5-9 constitutes a misdemeanor, then an appeal from an order finding a violation should be to the Court of Criminal Appeals.
We find persuasive State v. Baker, 703 So.2d 333 (Ala.1997). Baker petitioned this court for a writ of mandamus directing the trial judge in his criminal case to turn over money seized during a search and presented as evidence at his trial. The issue was whether this court has jurisdiction to issue a remedial writ related to property seized in a criminal investigation *197 and introduced as evidence in a criminal trial. The supreme court held that Baker’s petition to this court sought relief in regard to a purely criminal matter, a matter over which this court had no jurisdiction. The Baker court noted that there had been no civil forfeiture proceeding and that had the case arisen out of a civil-forfeiture proceeding, this Court would have had jurisdiction.
When Batey violated the protection order by continuing to harass his wife and children, the violation of the order made him guilty of a Class A misdemeanor. Therefore, Batey should have filed his appeal with the Court of Criminal Appeals, to have that court determine whether the trial court had jurisdiction to punish him for a misdemeanor violation under § 30-5-9, when there was no indictment or complaint, as Batey says was required by Rule 2.1 and Rule 2.8, Ala. R.Crim. P.
Accordingly, we transfer this case to the Court of Criminal Appeals, pursuant to § 12-1-4, Ala.Code 1975.
APPEAL TRANSFERRED.
All the judges concur.