On December 9, 1998, the trial court found the appellant, William R. Batey, guilty of violating a "protection-from-abuse order," a Class A misdemeanor. See § 30-5-9, Ala. Code 1975. The trial court sentenced Batey to 12 months in the county jail and ordered him to pay a $2,000 fine plus court costs. Batey appealed the trial court's judgment to the Court of Civil Appeals. In an opinion issued on September 3, 1999, the Court of Civil Appeals held that it did not have jurisdiction over Batey's appeal and transferred his appeal to this court. See Batey v.Dare, 742 So.2d 194 (Ala.Civ.App. 1999).
In its opinion transferring Batey's appeal to this court, the Court of Civil Appeals summarized the relevant facts of this case as follows:
 "On August 8, 1997, Lauren E. Dare sued her husband, William R. Batey, for a divorce. Following a hearing, the court entered a pendente lite order on September 2, 1997. Included in the order was a `protection-from-abuse order,' restraining Batey from contacting the wife or from committing any further acts of abuse against her or against the couple's minor children; prohibiting Batey from harassing the wife or the children; and directing Batey to stay away from the marital home, the wife's workplace, and the children's school.
 "On November 4, 1997, the wife moved to hold Batey in contempt, alleging that he had threatened to commit further acts of violence upon her; that he had harassed, contacted, telephoned, and followed her; and that he had broken into the marital home. The next day, the trial court ordered Batey to appear on November 10, 1997, to show cause why he should not be found in contempt. Apparently, Batey did not appear, and an arrest warrant was issued.
 "On November 13, 1997, the trial court entered a judgment of divorce. Nothing in the record indicates that Batey was present at the divorce proceeding. The trial court again restrained Batey from `harassing, annoying, telephoning, contacting, or otherwise communicating, directly or indirectly, with [the wife] or the minor children.' Additionally, by the order, Batey was `directed to stay away from the place of residence and place of employment of [the wife] and away from the minor children's school.'
 "On February 7, 1998, Batey was arrested and was charged with violating the protection order. Batey was read his rights, and a lawyer was appointed to represent him. At a hearing, Batey admitted violating the protection order; he was sentenced to 12 months' hard labor and was fined $2,000, the maximum sentence for a `Class A' misdemeanor. Batey moved for a new trial, which was denied."
742 So.2d at 195.
At the time Batey was charged with violating the protection-from-abuse order, § 30-5-9, Ala. Code 1975, provided, in pertinent part, that "[a] defendant who has violated a protection order issued pursuant to this chapter by the commission of an act of abuse as defined in this chapter, or conduct other than abuse in violation of *Page 595 
the order, shall' be subject to being held in contempt of court and shall be guilty of a Class A misdemeanor."[1] Section 13A-5-7 (a)(1), Ala. Code 1975, provides that a Class A misdemeanor is punishable by "not more than one year" of incarceration in the county jail. Section 12-11-30
(5), Ala. Code 1975, provides that punishment for contempt may not exceed 5 days in the county jail and a $100 fine.
On appeal, Batey contends that the trial court lacked jurisdiction to adjudicate him guilty of the misdemeanor offense of violating a "protection-from-abuse order" and to sentence him to 12 months in jail because, he says, there was no indictment or complaint commencing the criminal proceedings. Batey maintains that without an indictment or a complaint, the trial court had the authority only to fine him $100 and to sentence him to five days in the county jail upon a finding of contempt.
Rule 2.1, Ala.R.Crim.P., states that "[a]ll criminal proceedings shall be commenced either by indictment or complaint." In Ross v. State,529 So.2d 1074 (Ala.Cr.App. 1988), this court stated the following regarding the necessity of an indictment or a complaint for a valid criminal prosecution:
 "`It is well settled, at common law and from the earliest colonial days in this country, that a prosecution for a crime must be preceded by a formal accusation. Thus, a legally effective criminal prosecution requires that a formal charge be openly made against the accused by an indictment or presentment of a grand jury, or by an information of a prosecuting attorney.
 "2 Wharton's Criminal Proceduve § 225 (C. Torcia 12th ed. 1974).
 "`Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution. [Citations omitted.]
 "`To this end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense. Const. 1901, § 6; Butler v. State, 130 Ala. 127, 30 So. 338; Miles v. State, 94 Ala. 106, 11 So. 403; 12 Cyc. 221 (VI, H).
 "`Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, or information, or complaint supported by oath is essential to complete jurisdiction, and cannot be waived. 12 Cyc. 221; Butler v. State, supra; Johnson v. State, 82 Ala. 29, 2 So. 466.'"
529 So.2d at 1077-78.
Here, the record indicates, and the State concedes, that no indictment or complaint was issued giving Batey notice of the criminal charges against him, Rather, Batey was summoned to a hearing "to show cause why [he] should not be found in contempt of court for failure to abide by the previous orders of the Court." (C. 26.) (Emphasis added.) At the hearing, after Batey admitted to violating the protective order, the trial court adjudged him guilty of a misdemeanor criminal offense and sentenced him to 12 months in the county jail; however, the trial court lacked the authority to do so. Absent an indictment or a complaint giving Batey notice of the criminal charges against him, "the trial court did not have jurisdiction to reader a judgment of conviction or to impose a sentence for that conviction. See Heidelberg v. State, 575 So.2d 621, 622
(Ala.Cr.App. 1991) ("an accusation made in the manner prescribed by law is a prerequisite to the court's power to exercise its jurisdiction"). The most the trial court could have done, absent an indictment or a complaint, was *Page 596 
to find Batey in contempt of court, for violating a court order, and to sentence him to jail for five days and fine him $100. See §12-11-30(5), Ala. Code 1975.
Thus, Batey's conviction and sentence for the misdemeanor offense of violating a "protection-from-abuse order" are void. The trial court's judgment is reversed, and the cause remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.
[1] An amendment to § 30-5-9, Ala. Code 1975, effective September 1, 1999, among other things, deleted the language "shall be subject to being held in contempt of court and." See Act No. 99-447, Ada. Acts 1999.
 *Page 622