[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-13808
Non-Argument Calendar
_____

D. C. Docket No. 03-00299-CR-CO-NE

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 31, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD GYN HAMM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 31, 2005)

Before TJOFLAT, ANDERSON, and CARNES, Circuit Judges.

PER CURIAM:

Edward Gyn Hamm pleaded guilty to one count of possession of a firearm

by an unlawful user of a controlled substance, in violation of 18 U.S.C.
§ 922(g)(3), and one count of possession of a firearm while subject to a protection order, in violation of 18 U.S.C. § 922(g)(8). Hamm appeals the district court's denial of his motion to dismiss the violation of 18 U.S.C. § 922(g)(8) on the grounds that the Alabama statute under which the restraining order was issued is unconstitutional.[1]

Under Alabama's Protection From Abuse Act, Ala. Code § 30-5-1 et seq., a court can issue "such temporary orders as it deems necessary to protect the plaintiff or minor children from abuse, or the immediate and present danger of abuse to the plaintiff or minor children, upon good cause shown in an ex parte proceeding." Ala. Code § 30-5-6(b). Within fourteen days of the filing of a petition for a protection order, the court must hold a hearing where "the plaintiff shall prove the allegations of abuse by a preponderance of the evidence." Id. § 30-5-6(a). The court must advise the defendant that he may be represented by counsel at that hearing. Id.

"A willful violation of [a protection] order is a Class A misdemeanor which is punishable by a fine not to exceed two thousand dollars ($2,000) or imprisonment for up to a year in jail, or both, and is also punishable for civil

---

[1] In pleading guilty to the violation of 18 U.S.C. § 922(g)(8), Hamm reserved the right to appeal the district court's denial of his motion to dismiss.

contempt." Id. § 30-5-8(b); see also id. § 30-5-9. However, a defendant is subject to state imprisonment for up to one year only if "an indictment or a complaint giving . . . notice of the criminal charges" is issued and a hearing is held. Batey v. State, 755 So. 2d 593, 595 (Ala. Crim. App. 1999). Without notice and a hearing on the alleged violation of the protection order, a defendant can only be held in contempt of court. Id.

Hamm contends that Alabama's Protection From Abuse Act violates due process because it allows for the issuance of a protection order without affording the defendant notice and an opportunity to be heard. According to Hamm, the ex parte protection order is void from its inception, and the fact that a later hearing at which the defendant is afforded notice and an opportunity to be represented by counsel does not make the protection order valid. Hamm asserts that, in order for a protection order not to offend due process, the defendant must have notice and a hearing in front of a jury before it is issued.

Hamm's contentions are without merit. The Act allows for the issuance of an ex parte protection order only as "necessary to protect the plaintiff or minor children from abuse, or the immediate and present danger of abuse to the plaintiff or minor children, upon good cause shown in an ex parte proceeding." Ala. Code § 30-5-6(b). The Act also provides that a hearing must occur within fourteen days

3

of the filing of a petition for a protection order and that the defendant must be advised that he may be represented by counsel at that hearing. Id. § 30-5-6(a). Based on these procedures, the issuance of an ex parte protection order pursuant to the Act does not offend due process. Cf. Ex parte Williams, 474 So. 2d 707, 710 (Ala. 1985).

Hamm also argues that the Act violates both his due process rights and his right to bear arms because, according to Hamm, the Act enables a federal prosecution pursuant to 18 U.S.C. § 922(g)(8) based on a state protection order that was issued without notice and a hearing. Hamm misunderstands § 922(g)(8). According to the explicit terms of that federal statute itself, a defendant is subject to federal prosecution pursuant to § 922(g)(8) only if the state protection order was issued "after a hearing of which [the defendant] received actual notice, and at which such person had the opportunity to participate." 18 U.S.C. § 922(g)(8)(A). The Act does not violate due process or the right to bear arms on the grounds asserted by Hamm because a defendant cannot be prosecuted pursuant to § 922(g)(8) where the state protection order was issued without notice and a hearing. Moreover, Hamm conceded during the plea hearing that, in his case, "[t]he protection order was issued after a hearing of which [he] had received actual notice and had the opportunity to participate."

AFFIRMED.