On Application for Rehearing

THOMAS, Judge.
The opinion of July 9, 2010, is withdrawn, and the following is substituted therefor.
This appeal arises from a dispute between Builders Supply and Salvage Company, Inc. (“BSC”), which supplied materials for the construction of a house, and Regions Bank, which provided financing for the construction of the house.

Facts and Procedural History

The pertinent facts are as follows. Jerome Griffin contracted with Daryl Cosby to construct a house in Dallas County. Griffin paid Cosby with the proceeds from a loan he had obtained from Regions Bank. Cosby purchased materials to be used in the construction of the house from BSC; Cosby purchased the materials from BSC on credit. Before construction of the house was complete, Cosby quit. Cosby paid for some, but not all, of the materials, including brick and mortar, that he had purchased on credit from BSC. BSC then began the process of retrieving unused brick and mortar that Cosby had purchased from BSC from the construction site. BSC notified Griffin of its intention to retrieve the unused brick and mortar, which Griffin was planning to use on the house. Subsequently, Rebekah Herman, a loan officer for Regions Bank, telephoned BSC and, according to BSC, “asked [BSC] to please not pick up the material, that this would be worked out, and [BSC] would be paid.” (Emphasis added.) After that conversation, BSC suspended its efforts to retrieve the brick and mortar.
Cosby owed $16,994.42 for the materials he had purchased on credit from BSC. Seeking to collect that debt, BSC sued Cosby, Griffin, and Regions Bank in the Dallas Circuit Court. BSC asserted claims against all three defendants, seeking the amount of the outstanding debt owed for the materials sold and delivered on credit and the imposition of a material-man’s lien on the house. As grounds for relief against Regions Bank, BSC asserted that Regions Bank was estopped to deny that it was obligated to repay the debt, that Regions Bank had been unjustly enriched, that Regions Bank had breached an agreement to pay Cosby’s debt, and that Regions Bank had committed fraud by representing that it would pay the full amount of the debt.
The trial court entered a default judgment against Cosby for the full amount of his debt to BSC. After a nonjury trial, the *641 trial court dismissed BSC’s claims against Griffin, entered a judgment against Regions Bank on BSC’s fraud claim, and awarded BSC $8,750 in damages as compensation for the debt owed for the unused brick that remained at the construction site when Cosby quit. In its judgment, the trial court reasoned that BSC had relied on the statements made by Herman, as a representative of Regions Bank, in leaving the brick and mortar on the construction site. The trial court determined that the brick was valued at $5,000 but that BSC would have owed its brick supplier a restocking fee of 25% for retrieving the brick. Thus, the judgment awarded BSC the value of the brick less 25%, i.e., $8,750. The trial court found in favor of Regions Bank on BSC’s estoppel, unjust-enrichment, and breach-of-contract claims, specifically holding that the Statute of Frauds, § 8-9-2, Ala.Code 1975, “prevents recovery by [BSC] of any ... sums” other than the damages awarded on its fraud claim.
BSC filed a motion to alter or amend the judgment, in which it argued, among other things, that the damages should be increased by $1,464.75 to account for the value of the mortar. The trial court granted that element of BSC’s motion and entered an amended judgment, increasing the judgment against Regions Bank to $5,214.75. BSC subsequently appealed to this court, and Regions Bank cross-appealed.

Analysis

BSC advances four arguments on appeal: that Regions Bank was unjustly enriched because the construction on the house was completed using materials that BSC had supplied to Cosby on credit; that Herman’s statements to BSC regarding payment for materials should be enforced against Regions Bank under an estoppel theory; that the alleged promises made by Herman and relied upon by BSC demonstrate that there was a contract between BSC and Regions Bank, pursuant to which, BSC asserts, Regions Bank agreed to pay Cosby’s debt for materials supplied on credit; and that Regions Bank, through Herman, fraudulently misrepresented its intention to pay BSC for the materials that BSC had supplied to Cosby on credit.

I. Estoppel and Unjust Enrichment

First, we reject BSC’s arguments on appeal concerning estoppel and unjust enrichment. BSC advanced each of those arguments at the end of its appellate brief with one conclusory sentence and one citation. Therefore, BSC has not complied with the requirements of Rule 28(a)(10), Ala. R.App.P.
“Rule 28(a)(10) requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived. Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 923 (Ala.2002); Arrington v. Mathis, 929 So.2d 468, 470 n. 2 (Ala.Civ.App.2005); Hamm v. State, 913 So.2d 460, 486 (Ala.Crim.App.2002). ‘This is so, because “ ‘it is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undeli-neated general propositions not supported by sufficient authority or argument.’ ” ’ Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007) (quoting Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003), quoting in turn Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).”
White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008). Because BSC has waived those arguments on appeal, we will not decide whether Regions Bank owes BSC the entire indebtedness under the theory of unjust enrichment or *642 the theory of estoppel. However, because Regions Bank asserts on cross-appeal that the trial court’s judgment of $5,214.75 was improper, we will address whether the trial court’s judgment could be affirmed on either of those grounds.
“ ‘ “One is unjustly enriched if his retention of a benefit would be unjust.” ’ Welch v. Montgomery Eye Physicians, P.C., 891 So.2d 837, 843 (Ala.2004) (quoting Jordan v. Mitchell, 705 So.2d 453, 458 (Ala.Civ.App.1997)). The retention of a benefit is unjust if:
“ ‘ “(1) the donor of the benefit ... acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit ... engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship. In the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been unjustly enriched.” ’
“Welch, 891 So.2d at 843 (quoting Jordan, 705 So.2d at 458). The success or failure of an unjust-enrichment claim depends on the particular facts and circumstances of each case. [Avis Rent A Car Sys., Inc. v.] Heilman, [876 So.2d 1111 (Ala.2003) ].”
Mantiply v. Mantiply, 951 So.2d 638, 654-55 (Ala.2006)
Regions Bank argues on cross-appeal that the trial court could not have based its judgment in favor of BSC on unjust enrichment because there was no evidence to establish the value of the alleged benefit to Regions Bank. BSC argues that it provided a benefit to Regions Bank after relying on the alleged promise made by Regions Bank. However, it is unclear whether Regions Bank retained the bricks and mortar and what benefit it could have received even if it had retained them. Regions Bank was the lender to the property owner, Griffin. BSC was a creditor to the contractor, Cosby. At the time of the alleged promise, Cosby or Griffin owned the bricks and mortar. No evidence was presented indicating that Regions Bank retained and made use of the bricks and mortar or that the value of Griffin’s mortgage increased as a result of retaining the bricks and mortar. Therefore, the trial court’s judgment could not have been supported by a conclusion that Regions Bank was unjustly enriched.
In addition, the theory of estoppel has no application to the facts of this case.
“A more detailed statement of the elements generally required to support an estoppel is given in 3 Pomeroy, Equity Jurisprudence § 805 (5th ed.1941):
. 1. There must be conduct— acts, language, or silence — amounting to a representation or a concealment of material facts. 2. These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. 3. The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel, at the time when such conduct was done, and at the time when it was acted upon by him. 4. The conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon.... 5. The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. 6. He must in fact act upon it in such a manner as to change his position for the worse; in other words, he must so act that he would suffer a loss if he were compelled to *643 surrender or forego or alter what he has done by reason of the first party being permitted to repudiate his conduct and to assert rights inconsistent with it.... ”’
Mazer v. Jackson Ins. Agency, 340 So.2d 770, 773 (Ala.1976) (first and last emphasis added). In Mazer, a group of residents that opposed annexation into a municipality relied on a nonbinding resolution, misrepresented as being binding on the residents, in withdrawing their opposition to the annexation. Although the property developers may not have known that the resolution was not binding, the property developers proposed the resolution and purported to represent the city’s planning commission. Mazer, 340 So.2d at 773. In this case, BSC failed to show that Regions Bank purported to represent Cosby. Regions Bank did not have any business relationship with Cosby; Regions Bank was the lender to Griffin. BSC also failed to show that Regions Bank knew that Cosby was not going to pay his debt. Lastly, BSC admitted that it sold the bricks and mortar to Cosby without retaining a security interest in the materials. BSC did not have authority to confiscate the bricks and mortar. Thus, BSC could not have been placed in a worse position by leaving the unused bricks and mortar on Griffin’s property. The judgment of the trial court, therefore, cannot be based on the theory of estoppel.

II. Breach of Contract

BSC claims that the alleged promises made by Herman support a determination that Regions Bank entered into an original agreement, not a collateral agreement, to answer for the debt of another — namely, Cosby — and that such an agreement is not barred by the Statute of Frauds. Regions Bank argues that any agreement, if one existed, is barred by the Statute of Frauds.
The trial court found that the Statute of Frauds barred any claims premised on an alleged promise to pay for all Cosby’s debt. The issue whether Herman’s statements constituted a promise by Regions Bank to pay Cosby’s debt would be reviewed under the ore tenus standard. “ ‘ “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’ ” Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007) (quoting Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007), quoting in turn other cases). However, the issue whether any oral promise that Regions Bank may have made is barred by the Statute of Frauds is reviewed de novo, because the ore tenus rule “ ‘does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ ” Retail Developers, 985 So.2d at 929 (quoting Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005)).
Generally, the Statute of Frauds voids “[ejvery special promise to answer for the debt, default or miscarriage of another” unless that agreement is “in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing.” § 8 — 9—2(3). However, some promises to answer for the debt of another may be outside the Statute of Frauds:
“[I]n order to determine if an agreement is within § 8-9-2(3) or not it must first be determined if an agreement is ‘collateral’ or ‘original’ in nature.
“ ‘ “Collateral” agreements are those in which the object of the promise is to become the guarantor of another’s debt; *644 these are within the statute and must be in writing to be enforceable.’ Fendley [v. Dozier Hardware Co.], 449 So.2d [1236] at 1238 [ (Ala.1984) ] (quoting Herrington [v. Central Soya Co.], 420 So.2d [1] at 3 [ (Ala.1982) ]). ‘ “Original” agreements are those in which the effect of the promise is to pay the debt of another, but the object of the promise is to promote some purpose of the prom-isor.’ Fendley, 449 So.2d at 1238 (quoting Herrington, 420 So.2d at 3).
Dykes Rest. Supply, Inc. v. Grimes, 481 So.2d 1149, 1151 (Ala.Civ.App.1985). Furthermore, “[a] promise to pay the debt of another which is based upon a new and valuable consideration which is beneficial to the promisor is not within the statute.” Phillips Brokerage v. Professional Pers. Consultants, 517 So.2d 1, 2 (Ala.Civ.App.1987).
BSC argues that Regions Bank made an original agreement to answer for Cosby’s debt that is outside the Statute of Frauds. BSC bases its argument on alleged statements by Herman that the “cosmetic” value of the house would be diminished if the unused bricks and mortar were retrieved from the construction site. BSC contends that because it agreed to leave the bricks and mortar on the construction site in order to satisfy Regions Bank’s desire for a cosmetically appealing house, its forbearance created a new and valuable consideration that was beneficial to Regions Bank. Therefore, according to BSC, Regions Bank and BSC had an original agreement that falls outside the Statute of Frauds.
However, there is no evidence in the record to support BSC’s assertion that it had an original agreement with Regions Bank. First, Charles Stough of BSC testified that “[Herman] might not have mentioned about the cosmetic” during the telephone call. Second, the trial court indicated that it reached the opposite conclusion by stating that “[t]he Statute of Frauds prevents recovery by [BSC] of any ... sums” other than the damages awarded on BSC’s fraud claim. Thus, the trial court must have found, after hearing ore tenus testimony, that Regions Bank made a collateral, rather than an original, agreement and that, therefore, the agreement was within the Statute of Frauds. Because the trial court’s determination on this issue is supported by the evidence, the trial court’s determination that any agreement was collateral in nature is due to be affirmed.
Because the alleged agreement was collateral in nature, BSC’s breach-of-contract claim is precluded by the Statute of Frauds. Although we are not persuaded that Herman’s statement “that this would be worked out” constituted a promise, we need not decide that question to resolve this case. Because the alleged agreement to answer for the debt of Cosby was not in writing, it would be void under the Statute of Frauds. See Parker v. Williams, 977 So.2d 476, 480 (Ala.2007). Cosby entered into an agreement with BSC to obtain materials for the house that Griffin had hired him to build. Regions Bank extended Griffin a loan, the proceeds of which were used to pay Cosby. Thus, Cosby, not Regions Bank, owed a debt to BSC. Furthermore, Regions Bank cannot be said to be under a contractual duty to pay BSC either for the full debt or for the value of the unused brick and mortar that remained on the construction site after Cosby quit. Either alleged promise represented a promise by Regions Bank to answer for the debt of Cosby. Neither alleged promise was in writing. Therefore, an agreement based on either alleged promise is barred by the Statute of Frauds. Parker, 977 So.2d at 480.

*645
III. Fraud

Regions Bank argues in its cross-appeal that the statements made by Herman during her telephone call to BSC did not constitute a promise to pay Cosby’s debt in full or in part and that the trial court erred in awarding BSC the value of the bricks and mortar. Regions Bank further argues that any agreement, if one existed, is barred by the Statute of Frauds. BSC claims that the alleged promises made during the telephone call constitute an original agreement and not a collateral agreement to answer for the debt of another; thus, BSC argues, the agreement is not barred by the Statute of Frauds.
The trial court entered a judgment against Regions Bank on BSC’s fraud claim because “[BSC] relied on [Regions Bank’s] representation and did not pick up [the bricks and mortar].” Regions Bank points out that the fraud claim could only be a promissory-fraud claim, because an essential element of fraudulent misrepresentation is that it must concern a “material existing fact.” Smith v. J.H. Berry Realty Co., 528 So.2d 314, 316 (Ala.1988). Instead, Herman’s statements on behalf of Regions Bank constitute a promise to perform an act in the future. See Porter v. Hook, 554 So.2d 382 (Ala.1989) (reciting the elements of promissory fraud). Thus, on cross-appeal, Regions Bank correctly argues that a promise found to be barred by the Statute of Frauds cannot support an action for promissory fraud. “[A]n oral promise that is void by operation of the Statute of Frauds will not support an action against the promisor for promissory fraud.” Bruce v. Cole, 854 So.2d 47, 58 (Ala.2003).
“[T]he Statute of Frauds identifies defined categories of oral promises that are especially subject to fabrication and especially unworthy of rebanee or enforcement. Therefore, for the courts, on a theory of promissory fraud, to countenance a plaintiffs claim that he has relied on such a promise and to redress that plaintiffs claim that he has suffered from the breach of such a promise, defies the policy and frustrates the efficacy of the Statute of Frauds.”
Bruce, 854 So.2d at 58.

Conclusion

Because Regions Bank’s alleged promises are void under the Statute of Frauds, Region Bank’s alleged promises cannot support a promissory-fraud claim. Therefore, the judgment of the trial court is reversed insofar as it awarded BSC the value of the unused brick and mortar at the construction site when Cosby quit. The trial court’s judgment is affirmed in all other respects, and the cause is remanded for the trial court to enter a judgment consistent with this opinion.
APPLICATION GRANTED; OPINION OF JULY 9, 2010, WITHDRAWN; OPINION SUBSTITUTED; APPEAL-AFFIRMED IN PART; REVERSED IN PART; AND REMANDED; CROSS-APPEAL — REVERSED AND REMANDED.
PITTMAN, BRYAN, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.