Tony Styles, also known as Robert Turner, was indicted for the offense of enticing children under the age of 16 to enter a motor vehicle for immoral purposes in violation of § 13A-6-69, Code of Alabama 1975. Styles' indictment in this cause reads as follows:
 "The Grand Jury of said County charge that before the finding of this indictment,
"Tony Styles, aka Robert Turner,
 "whose name is unknown to the Grand Jury other than stated, did unlawfully, with lascivious intent, entice, allure, persuade or invite, or attempt to entice, allure, persuade, or invite Juwana Hall and Greg Cameron, children under the age of 16 years, to enter a vehicle, room, house, office, or other place, to-wit: a motor vehicle, for the purpose of proposing to such children the performance of an act of sexual intercourse, or an act which constitutes the offense of sodomy, or for the purpose of proposing the fondling or feeling of the sexual or genital parts of such child, or the purpose of proposing that such children fondle or feel the sexual or genital parts of the said Tony Styles, aka Robert Turner, in violation of Title 13A-6-69 of the Code of Alabama, "against the peace and dignity of the State of Alabama." (R. 281).
After all of the evidence had been presented and the trial court had given its oral charge, the case was submitted to the *Page 187 
jury and they retired to begin their deliberations. However, the jury soon returned to the courtroom with the following questions for the trial judge:
 "In considering a decision we need to have clear in our minds:
 (1) Are we to consider that he attempted to entice or allure both Greg and Jawanna (sic) for immoral purposes or sexual purposes.
 (2) Can we consider 1 of them that he attempted to allure for immoral purposes and not the other.
 (3) Must we determine him guilty or not guilty concerning both Greg and Jawanna (sic) for immoral purposes." (R. 252).
Upon the trial judge's receipt of the questions the following colloquy occurred: (R. 253-254).
 "COURT: Ladies and gentlemen of the jury, your question is basically — Can you find the defendant guilty of enticing one child rather than both children. Is that basically the issue?
"JUROR: Must we consider both?
 COURT: Must you consider both. O.K. Not find him guilty but must you consider both enticement or attempted enticement, the alleged attempted enticement of both children?
 "The indictment is worded `and'. In my judgment the indictment was probably improperly drawn but the enticement of one child, under the law is a violation of the law and I will rule at the present time, though the indictment is not averred in the alternative by saying `or', `and/or' that it should have been and the enticement or attempted enticement of one child would be a breach violation.
 "JUROR: So, you are changing the words to `Greg and/or Juwana?'
 "COURT: I'm changing the words to `Greg and/or Juwana.'
 "Though it's not that way in the indictment, it is a violation of the law to attempt to entice or entice a child. It makes no difference. If we had a group of twenty-five there and the jury was required to consider all twenty-five it wouldn't follow the spirit of the law at all unless you got all twenty-five individuals not guilty.
 "I'm in essence ruling that the indictment should have read `and/or' and that the enticement of one child, if you are convinced beyond a reasonable doubt, then you can return a verdict of guilty.
 "MR. HOOD: Judge, we would object to the court's instruction that the court just gave which states that he was charged — even though the indictment is not evidence in this case — the law is that the indictment is a method of bringing the charges against him and the indictment says `Greg Cameron and Juwana Hall'. If they didn't draw up the indictment properly, that's not my client's fault. That's not the court's fault nor my fault but that is the charge that he is here in this court on and that is the charge that the jury is here to determine and the verdict form states . . .
 MR. THORNBURG: Judge, he has made his objection. He is now arguing before the jury.
COURT: Right. I note your objection. I understand.
The jury then resumed their deliberations and found the appellant `guilty as charged'. Upon the announcement of the jury verdict, the following took place: (R. 255-256).
 "COURT: Mr. Styles, the jury has found you guilty and the court finds you guilty and remands you to the custody of the sheriff.
 "Ladies and gentlemen of the jury, for the purpose of the record you asked me a question on the and/or aspect with regard to the two children. I don't mean to get into the province of the jury but I need to know as a matter of law which child, if you did it that way, did you find the defendant guilty of.
"JUROR: We were concerned about Juwana.
 COURT: O.K. You find him guilty of enticing Juwana . . .
"JUROR: That's right.
"COURT: . . . into his car? *Page 188 
 "Let me ask each and every one of you, is that correct?
"JUROR: Yes, sir.
"COURT: Is that correct?
"JUROR: Yes, sir.
"COURT: Is that correct?
"JUROR: Yes, sir.
"COURT: Is that correct?
"JUROR: No, sir, it's the little boy.
"JUROR: It was Juwana.
"JUROR: It was Juwana.
"JUROR: It was Juwana, yeah.
"COURT: O.K. Is that correct?
"JUROR: Yes, sir.
"COURT: Is that correct?
"JUROR: Yes, sir.
"COURT: Is that correct?
"JUROR: Yes, sir.
"COURT: Is that correct?
"JUROR: Yes, sir.
"COURT: Is that correct?
"JUROR: Yes, sir.
"COURT: Is that correct?
"JUROR: Yes, sir.
"COURT: Is that correct?
"JUROR: Yes, sir.
"COURT: Is that correct?
"JUROR: Yes, sir.
 "MR. HOOD: Judge, I'm not sure I understand. He said, Juwana.
"JUROR: Juwana is the little girl.
"COURT: Is that correct?
"JUROR: Yes, sir.
 "COURT: O.K. Thank you very much. I order that the courtroom be cleared. I remand the defendant to the custody of the sheriff."
Following a sentencing hearing the trial court sentenced the appellant to seven years in the penitentiary.
 I
Styles argues on appeal that the action of the trial court in changing the wording of the indictment in effect "constituted an amendment" to the indictment and such "amendment" was erroneous and prejudicial.
Rule 15.5 (a), Alabama Temporary Rules of Criminal Procedure states that "a charge may be amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment, information, or complaint." The general rule in Alabama is that an amendment without the consent of the defendant, even as to an immaterial matter, and against his objection is reversible error. See Shiff v. State, 84 Ala. 454,4 So. 419 (1888) and Allred v. State, 393 So.2d 1030 (Ala. 1980).
However, Rule 15.5 (c)(2) of the Temporary Rules of Criminal Procedure provides that "no charge shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits."
Our review of the applicable rules of law concerning this cause reveals that the appellant must show that such amendment was prejudicial to his substantial rights before his cause may be reversed. It is clear that, to convict the appellant under the original indictment, the jury would have to be convinced beyond a reasonable doubt that the appellant "did unlawfully with lascivious intent, entice, allure, persuade or invite, or attempt to entice, allure, persuade or invite" both Juwana Halland Greg Cameron into his car for immoral purposes, and a reasonable doubt as to one child would necessarily lead to an acquittal of the appellant.
It is equally clear that under the "amended" version of the indictment, the jury could convict the appellant if they were satisfied beyond a reasonable doubt that the appellant violated the statute under which he was charged as to Juwana Hall or
Greg Cameron or both children, i.e. as to only one of the children but not necessarily both of them. The questions propounded to the trial court by the jury after they had begun their deliberations indicates that they were entertaining doubts as to the *Page 189 
proof of the charge as originally drawn. The trial court's polling of the jury after they reached their verdict clearly reveals that they found the appellant guilty of violating the statute as regards Juwana Hall and not Greg Cameron.
It would indeed be difficult to hold that the substantial rights of the appellant were not abridged by the action of the trial court in this instance. Such action constituted a material change in the language of the indictment. See Hammondsv. State, 410 So.2d 908 (Ala.Crim.App. 1982).
For the reasons stated, we must reverse the judgment and sentence below and remand this cause to the trial court. We do so without comment on the other issues raised on this appeal, including any aspect of the evidence in this cause.
REVERSED AND REMANDED.
All the Judges concur.