The defendant, Grover Lewis Biddie, was convicted of murder and was sentenced as a habitual offender to life imprisonment without parole. On November 12, 1986, 516 So.2d 837, the Court of Criminal Appeals reversed Biddie's conviction on the basis of an erroneous oral charge. Biddie was indicted for intentional killing, but the trial court instructed the jury on the offense of reckless murder, as well as intentional murder. We reverse the judgment of the Court of Criminal Appeals, because in a noncapital case, where no objection is made to the erroneous portion of the trial court's oral charge, that issue is not properly preserved for appellate review.
Although not preserved by objection, the Court of Criminal Appeals held that the trial court's oral charge was obvious error and reversed. In Ex parte Washington, 448 So.2d 404 (Ala. 1984), we held that it was reversible error to give an oral charge on "reckless murder" when the defendant was indicted for "intentional murder." However, before addressing the issue of whether the oral charge was erroneous, we first examined the record to see if the issue was properly preserved for appellate review. In Washington, the Court of Criminal Appeals,448 So.2d 398, had held that the objection to the oral charge was insufficient to preserve the issue for appellate review. We reversed and held that the objection was sufficient to place the trial court on notice of the alleged error. In Washington, the defendant objected after the court gave its oral charge, but prior to the jury's retirement for deliberation. In the present case, the trial counsel at no time objected.
 In order to preserve alleged error in the trial court's oral instructions to the jury, the objection must be made prior to the jury's retirement for deliberation, Johnson v. State, 421 So.2d 1306 (Ala.Cr.App. 1982), but it need not be made in their presence. A.R.Crim.P., Temp. Rule 14. The objection must be specific enough to point out the alleged error so as to allow the judge to correct the error. Crumpton v. State, 402 So.2d 1081 (Ala.Cr.App. 1981). [Emphasis added.]
Ex parte Washington, 448 So.2d at 406.
 It is likewise clear that when a party contends that the trial court committed reversible error in making charges or comments to the jury, the error can not be raised for the first time on appeal. Fuller v. State, 269 Ala. 312, *Page 847 113 So.2d 153 (1959); Hassell v. State, 342 So.2d 1357
(Ala.Crim.App. 1977). Absent an objection to an alleged error and a ruling by the trial court, there is nothing for this Court to review. Cox v. State, 280 Ala. 318, 193 So.2d 759 (1967) (where there is no objection to oral charge there is no reviewable issue). . . . [Emphasis added.]
Showers v. State, 407 So.2d 169, 171 (Ala. 1981).
The Court of Criminal Appeals held that the predicate of an objection is no longer required because of Rule 45B, A.R.A.P., which was made effective January 1, 1982. A.R.Crim.P. Temp. Rule 14 mandates that a party object to an erroneous oral charge prior to the jury's retiring, in order to preserve the error for appellate review. Rule 14 went into effect six months after Rule 45B and was cited in Ex parte Washington, supra;
however, the Court of Criminal Appeals held that Rule 14 should be interpreted in light of Rule 45B and that errors that are "plain" or "obvious" require no objection predicate. We disagree.
Prior to the adoption of Rule 45B, the Court of Criminal Appeals was required to "search the record" for error in every case. § 12-22-240, Code of Alabama (1975). That Code section provides the following:
 In all cases appealable to the court of criminal appeals, the court must consider all questions apparent on the record or reserved in the circuit court and must enter such judgment as the law demands. (Code 1876, § 4990; Code 1886, § 4509; Code 1896, § 4333; Code 1907, § 6264; Code 1923, § 3258; Code 1940, T. 15, § 389.)
Although the Court of Criminal Appeals was required to "search the record" for error, the requirement that the error be preserved was not abolished.
 Title 15, § 389, Code of Alabama 1940, [the immediate predecessor of § 12-22-240] requires that this Court must "consider all questions apparent on the record or reserved by bill of exception (now transcript of the evidence) and must render such judgment as the law demands." This statute does not mean that in a case of this kind a review will be made of questions which were not properly raised in the trial court.
(Citations omitted.) Harris v. State, 347 So.2d 1363, 1367
(Ala.Cr.App. 1977); cert. denied, 347 So.2d 1368 (Ala. 1977). "The plain error doctrine applies only to death cases. Stinsonv. State, 56 Ala. App. 312, 321 So.2d 277 (1975)," Harris, 347 at 1367.
Rule 45B abolished the "search the record" requirement of § 12-22-240. See Ex parte Hoppins, 451 So.2d 365 (Ala. 1983), and the comment to Rule 45B. However, Rule 45B did not remove the necessity of an objection before the alleged error could be reached on appeal. The Court of Criminal Appeals' opinion cites no Alabama cases and we find no support for the proposition that this rule removes that requirement in non-capital cases. Further, Rule 14, which requires the objection predicate, was enacted after Rule 45B. Following usual principles of statutory construction, and reading the two rules together, we find that they are consistent and that an objection is mandated. We, therefore, hold that the Court of Criminal Appeals erred in holding that an objection was not required, and its judgment is reversed. The cause is remanded to that court for entry of a judgment affirming the judgment of the trial court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.