MONTIEL, Judge.
Joel M. Lomnick, the appellant, pleaded guilty to the unlawful distribution of controlled substances, and he was sentenced to eight years’ imprisonment. The appellant contends that he was improperly sentenced under § 13A-12-270, Code of Alabama 1975, because that statute was not in effect when the offense to which he pleaded guilty was committed. While the appellant is correct that he could not be sentenced under § 13A-12-270, the record shows that the appellant was not sentenced under that statute. At the sentencing hearing, the trial court informed the appellant that his sentence would range to from 2 years to 20 years. (R. 4.) This is the correct range of punishment for a Class B Felony. See § 13A-5-6(a)(2), Code of Alabama 1975. The unlawful distribution of controlled substances is a Class B Felony. See § 13A-12-211, Code of Alabama 1975. Therefore, the appellant was correctly informed of the range of punishment he could receive, and he was properly sentenced under § 13A-5-6(a)(2). Further, trial counsel could not be ineffective for failing to object to this matter because the appellant was properly sentenced.
However, at the end of the sentencing hearing, the following occurred:
“MR. HEDGSPETH (prosecutor): Your Honor, we had discussed — Mr. Smith and I had — the matter with regard to probation. Due to the fact that the drug sale in question occurred at Tuscaloosa and 9th and was only two blocks from Eleventh Street Housing Project, probation would not be applicable in the incident [instant] case by virtue of that statutory provision that provides there is no probation on sales within three miles from a housing project.
“THE COURT: Three miles of a housing project. All right.”
*1312 Although the record shows that the appellant was not sentenced under § 13A-12-270, it appears that the appellant was denied probation based on that statute. Section 13A-12-270 provides:
“In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state correction facility with no provision for probation if the situs of such unlawful sale was within a three-mile radius of a public housing project owned by a housing authority.”
Because § 13A-12-270 was not in effect when the appellant committed this offense, the trial court improperly denied probation based on that statute. Although the appellant cited us to the above-quoted portion of the record in making his argument that he was improperly sentenced under § 13A-12-270, no objection was made to the improper denial of probation at the trial level, and the appellant has not raised this particular problem on appeal. We cannot consider matters raised for the first time on appeal and we cannot notice obvious error. Biddie v. State, 516 So.2d 846 (Ala.1987). But see Ex parte Rivers, 597 So.2d 1308 (Ala.1991) (issues of ineffective assistance of counsel and illegality of sentencing can be raised for the first time in a post-conviction proceeding even though these issues were not raised at trial), and compare Ex parte Jackson, 598 So.2d 895 (Ala.1992) (issue of ineffective assistance of counsel may not be raised for the first time on direct appeal). Thus, the judgment of the trial court is affirmed.
Affirmed.
All the Judges concur.