ON RETURN TO REMAND
The appellant, Willie C. Dobyne, was convicted of murder made capital because the murders occurred during the course of a robbery in the first degree. See § 13A-5-40(a)(2), Code of Alabama 1975. He was sentenced to death by electrocution. We remanded this cause so that the trial court could amend its order to reflect whether it had considered all evidence offered in mitigation. Dobyne v. State, 672 So.2d 1319
(Ala.Cr.App. 1994).
The trial court has complied with our directions and has amended its sentencing order. The trial court's order reflects that it considered all evidence offered in mitigation.
As required by § 13A-5-53, Code of Alabama 1975, this court must address the propriety of the appellant's conviction and sentence to death.
The record reflects that the appellant's sentence was not imposed under the influence of passion, prejudice, or any other arbitrary factor. § 13A-5-53(b)(1).
A review of the record shows that the trial court correctly found that the aggravating circumstance outweighed the mitigating circumstances. The trial court found as an aggravating circumstance that the two murders were committed during the course of a robbery, § 13A-5-49(4). The court found as mitigation that the appellant had no prior history of criminal conduct, § 13A-5-51(1). The court stated the following in regard to § 13A-5-51(6), i.e., the capacity of the defendant to appreciate the criminality of his conduct:
 "The Court has considered the evidence presented in support of the mitigating circumstance under Section 13A-5-51(6). Psychiatric evidence presented during the sentencing phase showed Dobyne has an I.Q. of 73. This translates to a finding of *Page 1354 
borderline mental retardation. This is consistent with the findings of the examiners at Taylor Hardin Secure Medical Facility who conducted an outpatient forensic evaluation of the Defendant to determine his competency to stand trial and his mental state at the time of his offense. The evidence further indicated that Dobyne shows symptoms of fetal alcohol syndrome. The psychiatric evidence was summed up as showing that the Defendant was impulsive, a poor decision maker, limited in his capability to make moral decisions, and borderline in intelligence. Again the Court concludes that these findings are consistent with the Taylor Hardin forensics report.
 "Dobyne was determined to be competent to stand trial and competent at the time of the offense. There is no evidence that he suffers or has suffered from any mental illness. He does have a history of alcohol and crack cocaine abuse. This history continued through the date of the offense. There was also evidence of alcohol use at the time of the offense.
 "Accordingly, while the Court does not find the capacity of the Defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired, the Court does consider the evidence presented as a nonstatutory mitigating factor."
The court found as a statutory mitigating factor the appellant's age, 22 years of age, at the time of the offense, § 13A-5-51(7). The court also considered the appellant's I.Q. as a nonstatutory mitigating circumstance. The court weighed the aggravating and the mitigating factors and sentenced the appellant to death. We agree with the court's findings in the present case.
As required by § 13A-5-53(b)(2), this court must independently weigh the aggravating and the mitigating circumstances to determine the propriety of the appellant's sentence to death. After an independent weighing, this court is convinced that the appellant's sentence to death by electrocution is the appropriate sentence in the present case.
As § 13A-5-53(b)(3), provides, we must address whether the appellant's sentence was disproportionate or excessive to the penalties imposed in similar cases. The appellant argues that the sentence was disproportionate given his below normal intelligence. We find the sentence, given the appellant's I.Q., was neither disproportionate nor excessive when compared to other sentences in capital cases. Sockwell v. State, [Ms. CR-89-225, December 30, 1993] ___ So.2d ___ (Ala.Cr.App. 1993);Ford v. State, 515 So.2d 34 (Ala.Cr.App. 1986), aff'd,515 So.2d 48 (Ala. 1987), cert. denied, 484 U.S. 1079, 108 S.Ct. 1061,98 L.Ed.2d 1023 (1988). Approximately two-thirds of death penalty cases in Alabama are the result of murders during the course of a robbery. Williams v. State, 601 So.2d 1062 (Ala.Cr.App. 1991);Brownlee v. State, 545 So.2d 151 (Ala.Cr.App. 1988), aff'd,545 So.2d 166 (Ala.), cert. denied, 493 U.S. 874, 110 S.Ct. 208,107 L.Ed.2d 161 (1989).
Last, we have searched the record for any error that may have adversely affected the appellant's substantial rights and have found none. Rule 45A, A.R.App.P.
The appellant's conviction and sentence to death by electrocution are due to be, and are hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.