Fredrick Eugene Williams was convicted of robbery in the first degree, a violation of § 13A-8-41, Ala. Code 1975. He was sentenced, pursuant to the Alabama Habitual Felony Offender Act, to life imprisonment without the possibility of parole.
Williams argues that the trial court erred in giving a jury instruction that, he says, conflicted with the indictment against him. The indictment against Williams reads as follows:
 "Fredrick Eugene Williams . . . . did, in the course of committing a theft of lawful money or currency of the United States of America, . . ., the property of Christopher Rashon Love and Eric Alexander, use force or threaten the imminent use of force against the person of Christopher Rashon Love and Eric Alexander, with the intent to overcome their physical resistance or physical power of resistance or to compel acquiescence in the taking of or escaping with the property, while the said Fredrick Eugene Williams was armed with a deadly weapon or dangerous instrument. . . ."
(C.R. 8) (emphasis added). The trial court gave the following charge during the instruction of the jury:
 "In order to convict, the State must prove beyond a reasonable doubt each of the following elements of the offense of robbery in the first degree: (1) That the defendant, Fredrick Eugene Williams, committed or attempted to commit theft of lawful money of the United States; (2) That in the course of committing or attempting to commit the theft or in immediate flight after the attempt or commission the defendant either used force against the person of Christopher Rashon Love or Alexander — Eric Alexander or either of them with intent to overcome their physical resistance or physical power to resist or threatened imminent use of force against the person of Christopher Rashon Love OR Eric Alexander or either of them with intent to compel acquiescence to the taking or escaping with the property and; (3) That the defendant was armed with a deadly weapon or dangerous instrument."
(R. 346) (emphasis added).
"The trial court has a mandatory duty of instructing the jury orally as to the different and distinguishing elementsof the offense charged." Davidson v. State, 360 So.2d 728, 730
(Ala.Cr.App.), cert. denied, 360 So.2d 731 (Ala. 1978). It is clear that in order for the jury to convict Williams of the offense charged in the indictment, the jury would have to have found him guilty of robbing both alleged victims. See Dobyne v.State, 672 So.2d 1319, 1341 (Ala.Cr.App. 1994), on return toremand, 672 So.2d 1353 (Ala.Cr.App. 1994), aff'd, 672 So.2d 1354
(Ala. 1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1571 (1996);Styles v. State, 474 So.2d 185, 188 (Ala.Cr.App. 1985). It is equally clear that if the jury followed the trial court's instruction, it could have found Williams guilty based on the robbery of either of the alleged victims. In Styles v. State,supra, the trial court explained to the jury that an indictment conjunctively alleging crimes against two victims should have alleged the crimes disjunctively in the alternative. The court's instruction effectively amended the indictment, so that instead of alleging crimes against A and B, the indictment alleged crimes against A and/or B. We noted in Styles that actual prejudice was shown when the trial court's polling of the jury indicated that the conviction was actually based on a crime against just one of the victims; we believe that sufficient prejudice has also been demonstrated in the instant case. The record reveals that only one of the alleged victims in the instant case, Eric Alexander, actually testified at trial. The trial court's instruction that Williams could be found guilty on proof of fewer facts than alleged in the indictment was improper and unduly prejudiced Williams's substantial rights.
In the instant case, the State could properly have chosen to seek indictments on two separate counts of robbery in the first degree. By charging conjunctively the robbery *Page 834 
of both victims, the indictment required proof of both robberies in order for the jury to reach a guilty verdict. The trial court's instruction that only proof of the robbery of either of the alleged victims was necessary to sustain a guilty verdict was reversible error.
For the above-stated reasons, the judgment of the trial court is reversed, and the cause remanded for further proceedings.
REVERSED AND REMANDED.
All the Judges concur. *Page 1122