Andre Levon Ash appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition, in which he challenged a 1996 conviction for robbery in the first degree, and his subsequent sentence of 25 years' imprisonment. Ash's conviction was affirmed by this Court in an unpublished memorandum. Ash v. State, (CR-95-1037, October 29, 1996)698 So.2d 799 (Ala.Cr.App. 1996) (table.) We take judicial notice of the record on direct appeal.
Ash contends that the trial court was without jurisdiction to render the judgment or to impose sentence because, he says, the trial court effectively amended the indictment so that he could be found guilty on proof of fewer facts than alleged in the indictment.
The indictment against Ash read as follows:
 "Andre Levon Ash . . . did, in the course of committing a theft of lawful money or currency of the United States of America, . . ., the property of Christopher Rashon Love and Eric Lashun[1]
Alexander, use force or threaten the imminent use of force against the person of Christopher Rashon Love and Eric [Lashun] Alexander, with the intent to overcome their physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said Andre Levon Ash, armed with a deadly weapon or dangerous instrument . . . ."
(C.R. 35.) (Emphasis added.)
The trial court gave the following charge to the jury:
 "In order to convict the Defendant the State must prove beyond a reasonable doubt each of the following elements of the offense of robbery in the first degree: (1) That the defendant, Andre Levon Ash, committed or attempted to commit theft of lawful money of the United States, the property of either Christopher Rashon Love or Eric [Lashun] Alexander, either or both; (2) That in the course of committing or attempting to commit the theft or in the immediate flight after the attempt or commission, the defendant either used force against the person of Christopher Rashon Love or Eric [Lashun] Alexander with intent to overcome their physical resistance or physical power to resist, or *Page 212 
threatened the imminent use of force against the person of Christopher Rashon Love or Eric [Lashun] Alexander or some other person present with intent to compel acquiescence to the taking of or escaping with the property and; (3) That the defendant was armed with a deadly weapon."
(C.R. 489.) (Emphasis added.)
This Court addressed the substantive merits of this claim in the direct appeal of Ash's codefendant, Fredrick Eugene Williams. In Williams v.State, 701 So.2d 832, 833-34 (Ala.Cr.App. 1997), this Court stated:
 "`The trial court has a mandatory duty of instructing the jury orally as to the different and distinguishing elements of the offense charged.' Davidson v. State, 360 So.2d 728, 730 (Ala.Cr.App), cert. denied, 360 So.2d 731 (Ala. 1978). It is clear that in order for the jury to convict Williams of the offense charged in the indictment, the jury would have to have found him guilty of robbing both alleged victims. See Dobyne v. State, 672 So.2d 1319, 1341, 1341
(Ala.Cr.App. 1994), on return to remand, 672 So.2d 1353
(Ala.Cr.App. 1994), aff'd, 672 So.2d 1354 (Ala. 1995), cert. denied, 517 U.S. 1169, 116 S.Ct. 1571
(1996); Styles v. State, 474 So.2d 185, 188
(Ala.Cr.App. 1985). It is equally clear that if the jury followed the trial court's instruction, it could have found Williams guilty based on the robbery of either of the alleged victims. In Styles v. State, supra, the trial court explained to the jury that an indictment conjunctively alleging crimes against two victims should have alleged the crimes disjunctively in the alternative. The court's instruction effectively amended the indictment, so that instead of alleging crimes against A and B, the indictment alleged crimes against A and/or B. We noted in Styles that actual prejudice was shown when the trial court's polling of the jury indicated that the conviction was actually based on a crime against just one of the victims; we believe that sufficient prejudice has also been demonstrated in the instant case. The record reveals that only one of the alleged victims in the instant case, Eric Alexander, actually testified at trial. The trial court's instruction that Williams could be found guilty on proof of fewer facts than alleged in the indictment was improper and unduly prejudiced Williams's substantial rights.
 "In the instant case, the State could properly have chosen to seek indictments on two separate counts of robbery in the first degree. By charging conjunctively the robbery of both victims, the indictment required proof of both robberies in order for the jury to reach a guilty verdict. The trial court's instruction that only proof of the robbery of either of the alleged victims was necessary to sustain a guilty verdict was reversible error."
(Emphasis in original.)
As in Williams, the indictment charging Ash required proof of both robberies in order for the jury to reach a guilty verdict. The trial court's instruction effectively amended the indictment and created a fatal variance. See House v. State, 380 So.2d 940, 942-43 (Ala. 1979) ("The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the samecrime under a different set of facts deprives him of that notice to whichhe is constitutionally entitled."). The trial court's instruction was improper; it charged the jury on a separate offense requiring a lesser showing of proof from *Page 213 
the state than the offense charged and it unduly prejudiced Ash's substantial rights.[2] Therefore, we conclude that the trial court's instruction created a fatal variance and the trial court was without jurisdiction to render judgment or to impose sentence in Ash's case.[3]Hall v. State, 655 So.2d 51 (Ala.Cr.App. 1995) (holding that a trial court is without jurisdiction to render judgment or to impose sentence on an offense that is not charged in the indictment).
Accordingly, the circuit court erred in denying Ash's Rule 32 petition. Its judgment is due to be reversed and the case remanded.
REVERSED AND REMANDED.
McMillan and Cobb, JJ., concur; Long, P.J., dissents with opinion; Baschab, J., joins dissent.
[1] We note that various spellings for this person's middle name are used in this record. Lashun is the first spelling used in the indictment, and it is therefore the one we adopt for this opinion.
[2] The record on Ash's direct appeal indicates that as was the case in Williams, only one of the alleged victims, Eric Alexander, actually testified at his trial.
[3] Jurisdictional matters may be raised at any time. Rule 15.2(d), Ala.R.Crim.P. Additionally, jurisdictional matters constitute an exception to the limitations period of Rule 32.2(c), Ala.R.Crim.P.