The appellant, Johnny Earl Baker, appeals the circuit court's denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., challenging his 1998 conviction for distributing cocaine. Baker's conviction was affirmed on direct appeal, by an unpublished memorandum. Baker v. State, 768 So.2d 1022 (Ala.Crim.App. 1999) (table).
On January 27, 2000, Baker filed a Rule 32 petition, alleging:
 "(1) The court was without jurisdiction to render the judgment or to impose the sentence because the conviction was obtained by a violation of the protection against double jeopardy;
 "(2) The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief because the conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
 "(3) The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief because the Court gave erroneous jury instructions, such that petitioner was convicted of an *Page 89 
offense and theory not charged in the indictment.
 "(4) The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief because the petitioner was denied the effective assistance of trial counsel and appellate counsel."
Following a review of the pleadings, exhibits, and affidavits submitted by the parties, the circuit court entered a detailed order setting out its reasons for denying Baker's petition for postconviction relief. (C. 5-13.)
Baker's appointed counsel has filed a brief in substantial compliance with Anders v. California, 386 U.S. 738 (1967). Counsel stated that his review of the record revealed that no error had occurred in the trial court's denial of Baker's Rule 32 petition.
This Court issued an order on December 14, 2000, informing Baker that his counsel had filed an Anders brief, and ordering him to file with the Court any issues he believed to be worthy of review. Thereafter, Baker filed a pro se brief on January 11, 2001, in which he reasserted two of the claims raised in his petition, namely (1) that the trial court was without jurisdiction to render judgment or to impose sentence because, he says, his conviction was obtained in violation of the prohibition against double jeopardy; and (2) that the Constitution requires that he be granted a new trial because, he says, the trial court gave erroneous jury instructions, so that he was convicted of an offense not charged in the indictment.
We have reviewed the record in this case — including the issues set out in Baker's brief — and have found no error harmful to Baker's substantial rights. Baker's double-jeopardy claim is based on his contention that he cannot be prosecuted criminally for an offense as to which he had been previously subjected to civil asset forfeiture. This claim is precluded by Rule 32.2(a)(3) and 32.2(a)(5), because it could have been raised at trial and on appeal, but was not. Indeed, this Court has recognized that a collateral challenge to a criminal conviction, based upon the double-jeopardy implications of asset forfeiture actions, cannot be raised for the first time in a Rule 32 petition for postconviction relief. See State v. Richardson, 703 So.2d 421, 423
(Ala.Crim.App. 1997).
Baker also contends that the trial court's allegedly erroneous jury instruction created a fatal variance between the indictment and the court's oral charge by omitting an element of his offense. Baker contends that this claim is jurisdictional; therefore, he says, it cannot be waived by the failure to object at trial. See Mitchell v. State,777 So.2d 312, 313 (Ala.Crim.App. 2000) ("Nonjurisdictional issues can be waived; jurisdictional issues cannot. See Lancaster v. State,638 So.2d 1370, 1374 (Ala.Crim.App. 1993) (Bowen, P.J., dissenting).").
It is well-established law in Alabama that an error caused by an alleged variance between the indictment and the trial court's oral charge to the jury must be preserved by objection. See, e.g., Biddie v. State,516 So.2d 846, 846-47 (Ala. 1987); Hill v. State, 665 So.2d 1024, 1028
(Ala.Crim.App. 1995); Daniels v. State, 523 So.2d 517, 518
(Ala.Crim.App. 1987). However, this Court's decision in Ash v. State, [Ms. CR-98-2451, December 30, 1999] ___ So.2d ___ (Ala.Crim.App. 1999), conflicts with this well-established law, by suggesting that a variance between an indictment and a trial court's oral charge is jurisdictional and, therefore, that no objection is necessary to preserve the issue for appellate review. However, as Presiding Judge *Page 90 
Long pointed out in his dissent, a variance between an indictment and the trial court's charge that is only a misdescription of an element of the offense does not affect the jurisdiction of the trial court:
 "Such an error, although constitutional in nature, does not implicate the trial court's jurisdiction. See Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (an erroneous jury instruction, omitting an element of the offense charged in the indictment, was not a `structural error' and was therefore subject to harmless-error analysis). An error caused by an alleged variance between the indictment and the trial court's oral charge to the jury must be raised by specific objection in the trial court, or it is waived for purposes of further review. See Biddie v. State, 516 So.2d 846, 846-47
(Ala. 1987); Daniels v. State, 523 So.2d 517, 518
(Ala.Crim.App. 1987); and Garrison v. State, 521 So.2d 997, 1002 (Ala.Crim.App. 1986). Errors that can be waived are not jurisdictional. Accordingly, the error in the trial court's jury charge in Ash's case was subject to the grounds of preclusion contained in Rule 32, Ala.R.Crim.P."
___ So.2d at ___. We agree with Judge Long's well-reasoned dissent. Therefore, to the extent that Ash conflicts with Biddie, Hill, Daniels, and Garrison, it is hereby overruled.
Our examination of the record in this case reveals that the variance between the indictment and the trial court's oral charge was, at most, a misdescription of the elements of the offense and therefore did not implicate the jurisdiction of the trial court. Thus, the failure to object at trial to the alleged variance waived this claim. Accordingly, this claim is barred by Rule 32.2(a)(3) and 32.2(a)(5), Ala.R.Crim.P., because Baker's claim regarding the variance between the indictment and the trial court's oral charge could have been, but was not, raised at trial and on direct appeal.
The facts supporting each party's position were fully set out in the record. See Humphrey v. State, 605 So.2d 848, 849 (Ala.Crim.App. 1992). Because the circuit court determined that Baker's claims were procedurally barred, the court did not err in denying the petition without an evidentiary hearing. Rule 32.7(d), Ala.R.Crim.P. See also Tatum v.State, 607 So.2d 383, 384 (Ala.Crim.App. 1992). Accordingly, the judgment of the circuit court is affirmed.
AFFIRMED.
McMillan, P.J., and Baschab and Shaw, JJ., concur.
Cobb, J., concurs in the result, with opinion.