843 So.2d 213 (2002)
Ex parte State.
(In re Andre Levon ASH v. STATE).
1991018.
Supreme Court of Alabama.
February 8, 2002.
*214 William H. Pryor, Jr., atty. gen., and Robin Blevins and Sandra J. Stewart, asst. attys. gen., for petitioner.
Submitted on petitioner's brief only.
JOHNSTONE, Justice.
This Court granted the petition of the State seeking certiorari review of the decision of the Court of Criminal Appeals reversing the trial court's summary denial of a Rule 32, Ala. R.Crim. P., petition filed by Andre Levon Ash. We reverse the decision of the Court of Criminal Appeals and remand this cause with the instruction that the summary denial of the petition be reinstated.
*215 Ash was convicted of one count of first-degree robbery and was sentenced to 25 years' imprisonment. He appealed on grounds different from the ground asserted in the Rule 32 petition now before us. On that direct appeal, the Court of Criminal Appeals affirmed the conviction in an unpublished memorandum. Ash v. State, (No. CR-95-1037, October 11, 1996) 698 So.2d 799 (Ala.Crim.App.1996) (table).
More than two years after that affirmance became final, Ash filed the instant Rule 32 petition claiming that the trial court lacked jurisdiction to render judgment or to impose sentence because the trial court, in its instructions to the jury, over Ash's objections, amended the indictment. The trial court summarily denied the Rule 32 petition. That summary denial, however, was reversed by the Court of Criminal Appeals on the rationale that "the trial court's instruction created a fatal variance and the trial court was without jurisdiction to render judgment or to impose sentence...." Ash v. State, 843 So.2d 210, 213 (Ala.Crim.App.1999). In footnote 3 to that opinion, the Court of Criminal Appeals cited Rule 15.2(d), Ala. R.Crim. P. ("[t]he lack of subject matter jurisdiction... may be raised ... at any time during the pendency of the proceeding"), and Rule 32.2(c), Ala. R.Crim. P. (excepting from its two-year limitation period the Rule 32.1(b), Ala. R.Crim. P., ground of lack of jurisdiction to render judgment or to impose sentence).
Unless the jury instruction Ash challenges as an amendment to the indictment did, as a matter of law, deprive the trial court of jurisdiction to render judgment or to impose sentence, this Rule 32 petition is subject not only to the Rule 32.2(c) preclusion of grounds not raised within the two-year time limit but also to the Rule 32.2(a)(5), Ala. R.Crim. P., preclusion of grounds "[w]hich could have but [were] not raised on [direct] appeal...." We hold that the jury instruction did not deprive the trial court of jurisdiction to render judgment or to impose sentence and that, therefore, Rule 32.2(c) and Rule 32.2(a)(5) did indeed preclude this Rule 32 petition.
The operative facts are simple. The indictment, containing only a single count, charged conjunctively that Ash robbed both Christopher Rashon Love and Eric Lashun Alexander. Over Ash's objections, however, the trial court instructed the jury that it could convict Ash if the evidence proved beyond a reasonable doubt that Ash robbed either Love or Alexander or both. This instruction permitted a conviction on proof that Ash had robbed only one of the victims even though the single-count indictment conjunctively charged him with robbing both victims.
Ash's co-defendant, Fredrick Eugene Williams, tried and convicted like Ash in the same proceedings, duly challenged this jury instruction in his direct appeal and won a reversal. Williams v. State, 701 So.2d 832 (Ala.Crim.App.1997). Ash did not. The Williams court followed the analogous case of Styles v. State, 474 So.2d 185 (Ala.Crim.App.1985), which reversed the conviction of the defendant Styles, who, like Williams, had properly challenged a like jury instruction on direct appeal. The Styles court held that the jury instruction constituted an amendment to the indictment and that the amendment prejudiced the substantial rights of the defendant.
Neither Williams nor Styles addressed any issue of whether the instruction deprived the trial court of jurisdiction to render judgment or to impose sentence. Likewise, the case of Biddie v. State, 516 So.2d 846 (Ala.1987), cited by the State in its petition and brief to us, contains no *216 analysis of, or holding on, any issue of the jurisdiction of the trial court. Indeed Biddie does not contain any analysis of, or holding on, any issue of an amendment to the indictment. In the case now before us, however, we must and will address the issues of whether the jury instruction constituted an amendment to the indictment and, if so, whether the amendment deprived the trial court of jurisdiction.
A caveat about both the majority opinion of the Court of Criminal Appeals now on review and the dissent to that opinion is appropriate. Both the majority and the dissenters mistakenly analyze the issue as a variance. The term variance, for purposes of an objection in a trial, means a variance between pleadings and proof, not a variance between pleadings and instructions. See, e.g., House v. State, 380 So.2d 940, 941 (Ala.1979). See also Turner v. State, 610 So.2d 1198, 1199 (Ala. Crim.App.1992); Daniels v. State, 523 So.2d 517, 518 (Ala.Crim.App.1987); and Tyson v. State, 361 So.2d 1182, 1188 (Ala. Crim.App.1978). The Rule 32 petition now before us does not claim or challenge any variance between the pleadings and the proof. Therefore, the variance cases such as House, cited in the majority opinion of the Court of Criminal Appeals, and Daniels, cited in the dissent there, are not applicable. The issues before us are whether the jury instruction constituted an amendment to the indictment and, if so, whether the amendment deprived the trial court of jurisdiction.
The jury instruction at issue before us, like those in Williams, supra, and Styles, supra, effectively amended the indictment to change the conjunction and to the conjunctions either-or and thus to charge the acts disjunctively instead of conjunctively. Therefore, the jury instruction constituted an amendment to the indictment, as Williams and Styles expressly hold. But did the amendment deprive the trial court of jurisdiction?
Rule 13.5(a), Ala. R.Crim. P., forbids amending an indictment "to change the offense or to charge a new offense not contemplated by the original indictment." This rule preserves the implementation of Article I, § 6, Alabama Constitution of 1901, guaranteeing "[t]hat in all criminal prosecutions, the accused has a right ... to demand the nature and cause of the accusation; and to have a copy thereof..." and Article I, § 8, as amended by Amendment 37, Alabama Constitution of 1901, guaranteeing that contested felonies will be charged by grand jury indictment, State ex rel. Baxley v. Strawbridge, 52 Ala.App. 685, 687, 296 So.2d 779, 781 (1974); and Thorn v. State, 39 Ala.App. 227, 227, 98 So.2d 859, 860 (1957); see also Kennedy v. State, 39 Ala.App. 676, 690, 107 So.2d 913, 926 (1958). The fundamental constitutionally guaranteed benefits of an indictment to an accused are "`that he may prepare his defence, and plead the judgment as a bar to any subsequent prosecution for the same offence.'" Gayden v. State, 262 Ala. 468, 477, 80 So.2d 501, 504 (1955)(quoting United States v. Simmons, 96 U.S. 360, 371, 24 L.Ed. 819 (1877)).
A valid indictment is the source of the subject matter jurisdiction to try a contested criminal case. Batey v. State, 755 So.2d 593, 595 (Ala.Crim.App.1999); see also Strawbridge, supra, Thorn, supra, and Kennedy, supra. Absent a valid indictment, a trial court would lack subject matter jurisdiction to try, to convict, or to sentence a defendant in a contested criminal case. Batey, supra, and Hall v. State, 655 So.2d 51, 52 (Ala.Crim.App.1995). See also Crews v. State, 40 Ala.App. 306, 308, 112 So.2d 805, 807 (1959). Therefore, an amendment which changes the offense or charges a new offense not contemplated by the original indictment would deprive the *217 trial court of jurisdiction over the different or new offense. See Batey, supra, Hall, supra, and Crews, supra.
In the case before us, however, the amendment did not materially change the allegations of a robbery committed against Love and likewise did not materially change the allegations of a robbery committed against Alexander. The amendment changed only the conjunction between the two alleged robberies. The amended indictment, like the original, still notified Ash to prepare to defend against each robbery, even though the amendment did change the effect of any reasonable doubt entertained by the jury and directed to only one of the robberies. Moreover, the amendment did not impair Ash's ability to plead the judgment in bar to a second prosecution for either robbery, for the trial on the indictment even as amended placed Ash in jeopardy for both alleged robberies. Thus, to this extent, the indictment, even as amended, served both of its fundamental constitutionally guaranteed functions. Gayden, supra. Likewise, to this extent, the amendment did not violate the Rule 13.5(a) prohibition against "chang[ing] the offense or [ ] charg[ing] new offenses not contemplated by the original indictment." These considerations, together, support the conclusion that the amendment did not deprive the trial court of subject matter jurisdiction over either of the two robberies and therefore did not deprive the trial court of subject matter jurisdiction over both tried together.
Our holding to this effect is independent of any prejudice analysis. We do not hold that the amendment did not prejudice Ash. On the contrary, as we have recounted, the Williams, supra, court specifically held that this very same jury-instruction-indictment-amendment constituted prejudicial error requiring reversal for Ash's co-defendant, who duly challenged the instruction on appeal. We hold only that the instruction-amendment did not deprive the trial court of jurisdiction to render judgment or to impose sentence and that, therefore, Rule 32.2(c) and Rule 32.2(a)(5) preclude Ash's challenge to the instruction-amendment even if it was prejudicial error.
Because the ground of Ash's Rule 32 petition was precluded, the trial court was right to deny the petition summarily. Therefore, we reverse the judgment of the Court of Criminal Appeals reversing the trial court, and we remand the cause to the Court of Criminal Appeals for that court to remand to the trial court for reinstatement of the summary denial entered by the trial court.
REVERSED AND REMANDED.
MOORE, C.J., and SEE, LYONS, HARWOOD, WOODALL, and STUART, JJ., concur.
HOUSTON and BROWN, JJ., concur in the result.
BROWN, Justice (concurring in the result).
I agree with the majority's conclusion that Ash's claim was not jurisdictional. While a defendant may not be convicted of an offense not charged in the indictment, the indictment here charged the offense of robbery in the first degree, and that is the offense of which Ash was convicted. Thus, I concur in the result to the extent that the majority reverses the judgment of the Court of Criminal Appeals, which held that the circuit court erred in holding that Ash's claim was procedurally barred pursuant to Rule 32.2(c), Ala. R.Crim. P.
However, I do not wish to join in the majority's criticism of the Court of Criminal Appeals for its use of the term "variance" in its discussion of the differences between the indictment and the trial *218 court's oral charge to the jury. While in a criminal case the term "variance" is most often used to describe alleged differences between the indictment and the proof presented at trial, the term is not limited to that usage. Indeed, this Court has itself used the term when considering differences between an indictment and the trial court's oral charge. See, e.g., Ex parte Washington, 448 So.2d 404, 407 (Ala.1984) (where, when considering the claim of a defendant who had been indicted for the intentional murder of his victim that the trial court had erred in referring to "recklessness" in its oral instructions to the jury, we stated: "Having concluded that the defendant did preserve the alleged error, we must determine whether the oral charge constituted a fatal variance from the indictment."). We do not have cause to criticize the Court of Criminal Appeals for using that term in the same way we have used it.
In any event, whether we discuss alleged differences between an indictment and the trial court's oral charge as "constructive amendments" or as "variances," we should be careful not to casually turn claims of error predicated on such differences into jurisdictional issues, or else most allegations of error in a trial court's jury instructions will be subject to being fashioned into claims implicating the trial court's jurisdiction and thus will evade the application of the ordinary rules of preservation and waiver. Call them what you will, claims of a difference between the indictment and the trial court's instruction, when presented to this Court in the past, have never been treated as jurisdictional, and we have consistently required that those claims be raised in the trial court in order to be preserved for review. In Ex parte Washington, 448 So.2d 404, where, as noted above, this Court stated that such a claim presented the question whether the trial court's oral charge "constituted a fatal variance from the indictment," see 448 So.2d at 407, this Court found it necessary first to determine whether the defendant had preserved the alleged error in the oral charge by proper objection at trial, before holding that the trial court committed reversible error when it gave an oral charge on reckless murder in a case where the defendant had been indicted for intentional murder.
Essentially the same issue was presented to this Court in Biddie v. State, 516 So.2d 846 (Ala.1987), where the trial court erroneously charged the jury that it could find the defendant, who had been indicted for intentional murder, guilty of either intentional murder or reckless murder. The defendant failed to object to the difference between the indictment and the trial court's oral charge. Although the error was not preserved by objection, the Court of Criminal Appeals had held that the trial court's charge amounted to "obvious error" and had reversed Biddie's conviction. 516 So.2d at 846. This Court, however, noting its analysis of the "variance" claim for preservation in Ex parte Washington, reversed the judgment of the Court of Criminal Appeals, holding that that court had erred in holding that an objection to the erroneous jury instruction was not required. 516 So.2d at 846-47. We thus remanded the cause for the entry of a judgment affirming the defendant's conviction.
The lesson of Biddie is obvious: Such claims do not raise jurisdictional issues. In Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the United States Supreme Court held that a jury instruction that misdefines or omits an element of the charged offenseeven an essential elementis susceptible to a harmless-error review. In Neder, the trial court had erroneously instructed the jury, over the defendant's objection, that it *219 "need not consider" the materiality of a false statement (an essential element of the offense charged in the indictment) because that question was, according to the trial court, not "for the jury to decide." 527 U.S. at 6, 119 S.Ct. 1827. The erroneous instruction permitted the jury to convict the defendant without making a determination on the element of materiality. The Supreme Court held that the erroneous instruction, which omitted an element of the offense charged in the indictment, did not necessarily render the trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. Neder, 527 U.S. at 9, 119 S.Ct. 1827. Even though the jury-instruction error effectively withdrew an element of the offense from the jury's consideration, the Supreme Court held that a harmless-error analysis should be applied in determining whether the error was reversible error.
Under the rationale of Neder, then, where a trial court omits or misdescribes an essential element of the offense in its oral charge to the juryas happened in Ash's case when the trial court in its jury instructions eliminated the conjunctive element of the indictmentthe conviction must be affirmed if the reviewing court can conclude beyond a reasonable doubt that a rational jury would have found the defendant guilty. Because Ash raised his jury-instruction claim in a Rule 32 petition and the claim did not come before the Court of Criminal Appeals by way of a direct appeal, neither the Court of Criminal Appeals nor this Court is called upon to conduct the harmless-error review contemplated in Neder. However, Neder is nevertheless germane to the question presented in Ash's case, because the logical ramification of Neder `s holding that a jury instruction that misdefines or omits an element of the charged offense is subject to harmless-error review is that such an error does not implicate the trial court's jurisdiction. A jurisdictional defect defies analysis by a harmless-error standard and is per se ground for reversal, requiring no consideration of whether the defendant was prejudiced as a result of the error. Thus, the jury-instruction error in Ash's case, like the jury-instruction error in Neder, was not jurisdictional in nature.[1] Accordingly, Ash's claim regarding the "variance," or whatever we choose to call the difference between the indictment and the trial court's jury charge was, as the circuit court found, procedurally barred by the two-year limitations period in Rule 32.2(c), Ala. R.Crim. P. Moreover, because Ash did not raise the claim at trial or in his direct appeal, it was also procedurally barred pursuant to Rule 32.2(a)(3) and (5), Ala. R.Crim. P.[2]
HOUSTON, J., concurs.
NOTES
[1] Since its decision in Ash's case, the Court of Criminal Appeals has adopted this view. See Baker v. State, 819 So.2d 87 (Ala.Crim.App. 2001), overruling Ash v. State, 843 So.2d 210 (Ala.Crim.App.1999).
[2] Ash's codefendant, Fredrick Eugene Williams, was able to obtain a reversal of his conviction based on a claim essentially the same as the one Ash raises in his Rule 32 petition. However, the procedural posture of Williams's case was different from that of Ash's when Williams's conviction was reversed. Williams raised his jury-instruction claim in the trial court, and then pursued the issue on direct appeal. In its opinion on direct appeal, the Court of Criminal Appeals determined that the trial court's jury instructions unduly prejudiced Williams; thus, the court reversed Williams's conviction. See Williams v. State, 701 So.2d 832 (Ala.Crim. App.1997). Obviously, the procedural bars of Rule 32, Ala. R.Crim. P., were not applicable to Williams's claim on direct appeal.