On Application for Rehearing
This Court's opinion issued on January 30, 2004, is withdrawn, and the following opinion is substituted therefor.
Carlos Lamar Jackson appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his October 1994 conviction for robbery in the second degree and his resulting sentence of 20 years' imprisonment. This Court affirmed Jackson's conviction and sentence on direct appeal in an unpublished memorandum issued on March 24, 1995. See Jackson v. State (No. CR-94-0259), *Page 50 
668 So.2d 943 (Ala.Crim.App. 1995) (table). The Alabama Supreme Court denied certiorari review, and this Court issued a certificate of judgment on June 30, 1995.
Jackson filed the present Rule 32 petition on June 24, 2003, claiming (1) that the trial court was without jurisdiction to render the judgment or to impose the sentence and (2) that the evidence was insufficient to support his conviction because, he says, the evidence did not establish that a deadly weapon or a dangerous instrument was used during the commission of the robbery.
 I.
The basis for Jackson's jurisdictional claim is the following: that he was indicted for robbery in the first degree; that he was convicted of robbery in the second degree; and that under the facts of his case robbery in the second degree was not a lesser-included offense of robbery in the first degree because the indictment did not include an essential element — that Jackson was aided in the robbery by another person — which would make robbery in the second degree a lesser-included offense of robbery in the first degree.
On appeal, Jackson contends that the circuit court erred in summarily denying his Rule 32 petition because, he says, he "was found guilty of an offense for which he was never indicted." (Jackson's brief at p. IV.)
In Ash v. State, 843 So.2d 213, 215-16 (Ala. 2002), the Alabama Supreme Court stated:
 "The operative facts are simple. The indictment, containing only a single count, charged conjunctively that Ash robbed both Christopher Rashon Love and
Eric Lashun Alexander. Over Ash's objections, however, the trial court instructed the jury that it could convict Ash if the evidence proved beyond a reasonable doubt that Ash robbed either Love or
Alexander or both. This instruction permitted a conviction on proof that Ash had robbed only one of the victims even though the single-count indictment conjunctively charged him with robbing both victims.
". . . .
 ". . . In the case now before us, however, we must and will address the issues of whether the jury instruction constituted an amendment to the indictment and, if so, whether the amendment deprived the trial court of jurisdiction.
". . . .
 "The jury instruction at issue before us, like those in Williams [v. State, 701 So.2d 832 (Ala.Crim.App. 1997)], and Styles [v. State, 474 So.2d 185
(Ala.Crim.App. 1985)], effectively amended the indictment to change the conjunction and to the conjunctions either-or and thus to charge the acts disjunctively instead of conjunctively. Therefore, the jury instruction constituted an amendment to the indictment, as Williams and Styles expressly hold."
As previously noted, Jackson was indicted for robbery in the first degree; the indictment stated, in pertinent part:
 "CARLOS LAMAR JACKSON . . . did in the course of committing a theft of shoes, socks, briefcase, pistol, pager, camera, recorder, telephone, wallet, pants, watch, necklace, and Two Hundred Twenty Dollars of the lawful currency of the United States of America . . ., the property of John Benton, use force or threaten the imminent use of force against the person of John Benton, or another person present, with the intent to overcome his physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the *Page 51 
said CARLOS LAMAR JACKSON . . . was armed with a deadly weapon or dangerous instrument, to-wit: a pistol, in violation of Section 13A-8-41."
(Record on direct appeal, C. 8.) The evidence presented at trial indicated that more that one person was involved in the robbery. The victim, John Benton, testified at trial that five men, including Jackson, entered his store on October 21, 1993; that Jackson grabbed him and threw him to the floor; and that all five men began taking things, including a gun Benton carried in his pocket. At trial, Jackson testified that none of the men involved in the robbery had a gun when they entered the store and that he did not see anyone take a gun from the victim. Jackson requested that the trial court instruct the jury on both robbery in the first degree and robbery in the second degree, and the trial court complied with that request.
In its instructions to the jury, the trial court stated, in pertinent part:
 "Now, as to the robbery, I know you are well up on it because we have touched on the components a few times. But, let's go over again just what are the elements, if you will, on the offense charged.
 "This man is charged with a higher offense in the first instance. In other words, the commission of First Degree Robbery; alleged First Degree Robbery against the person of John Benton, the man from Marietta. The State charges the entire offense, First Degree Robbery, that the Defendant committed against Mr. Benton, that in the course of committing a theft, a theft is stealing. But, it has a definition in the Code. Theft is defined to knowingly obtain or excerpt unauthorized control over Mr. Benton's property, as you see, with the intent to deprive Mr. Benton of his property. But that in this course of committing a theft of the shoes and the briefcase, and currency, and so forth, the property of Mr. Benton, the pistol, the State alleges that the Defendant, or one with whom the Defendant was acting in concert, used force against Mr. Benton here with the intent to overcome Mr. Benton's physical resistance, or power of resistance to compel Mr. Benton to acquiesce to the taking of his properties, or escaping with the properties. And, the third component, while the Defendant or one with whom the Defendant was acting in concert, was armed with a deadly weapon such as a pistol. It is true in our law that one who acquires a pistol as loot, if you will, during the course of a robbery, he is armed with a deadly weapon within the meaning of the First Degree Statute.
 "Now the State also charges in the alternative, the commission of the offense of Second Degree Robbery. That is committed where, in the course of the commission of the theft of Mr. Benton's properties, absent the pistol, the Defendant or one with whom he was acting in concert, used force against Mr. Benton again for purposes of overcoming Benton's physical resistance or physical power of resistance, and is aided by another person actually present. You see, there is no weapon or pistol element required here."
(Record on direct appeal, R. 258-60.) (Emphasis added.)
Based on the rationale of Ash v. State, supra, we conclude the trial court's instructions to the jury in the present case effectively amended the indictment charging robbery in the first degree by adding as an element the fact that Jackson was aided in the robbery by another person. This amendment did not charge a new offense because, as noted in Ex parte Cole, 842 So.2d 605,609 (Ala. 2002), first-degree *Page 52 
robbery is broad enough to include the element that another participant was present; it merely reconciled the variance between the allegations in the original indictment — that Jackson was alone in the commission of the robbery — with the evidence presented at trial — that Jackson was aided by another person or other persons in the robbery. Moreover, the first-degree-robbery indictment, as amended, clearly encompassed the offense of second-degree robbery and, therefore, gave the trial court subject-matter jurisdiction over the second-degree-robbery charge. Therefore, the amendment did not run afoul of Rule 13, Ala.R.Crim.P. See Ex parte Cole, supra. Jackson's claim is meritless.
 II.
Jackson's second claim challenges the sufficiency of the evidence — it appears that Jackson is arguing that the evidence is insufficient to support his conviction because, he says, the evidence did not establish that he or any other participant in the robbery used a deadly weapon or a dangerous instrument. Any claim challenging the sufficiency of the evidence is precluded from review because it could have been, but was not, raised on appeal. Rule 32.2(a)(5), Ala.R.Crim.P.
In light of the foregoing, the circuit court's summary denial of Jackson's Rule 32 petition is affirmed.
OPINION OF JANUARY 30, 2004, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.